Jimmy Craig BOWERS, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 42S01–8611–CR–1007.

Supreme Court of Indiana.

Nov. 25, 1986.

David A. Deem, Hart, Bell, Deem, Ewing
& Stuckey, Vincennes, for appellant.

Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

DICKSON, Justice.

We grant transfer on Defendant-Appellant Jimmy Craig Bowers' interlocutory appeal to decide whether the State of Indiana may refuse to honor an agreement to abate criminal proceedings against a suspect after the suspect has fully performed his obligation under the agreement.

In the early morning hours of July 3, 1984, police arrested the defendant in Vincennes, Indiana, in connection with an alleged burglary. On that same day, the defendant and the Chief Deputy Prosecuting Attorney in Knox County entered into an oral agreement whereby the prosecutor would "dismiss" charges related to defendant's arrest if defendant would provide information sufficient to obtain a search warrant for the residence of one Davy Williams. Defendant supplied the requested information and it proved fruitful in obtaining and executing the search warrant which in turn resulted in Williams' arrest for possession of marijuana that same day.

Contrary to the terms of the agreement, the State filed an information against defendant for burglary, a class B felony, on July 5, 1984. Defendant filed a Motion to Dismiss based on his agreement with the prosecutor. Following a full hearing, the trial court denied the motion and defendant filed this interlocutory appeal challenging that ruling. In *Bowers v. State* (1986), Ind.App., 489 N.E.2d 526, the Court of Appeals affirmed the trial court.

While this type of dispute is not necessarily resolved by abstract application of contract law, the principles of contract formation, breach, and remedies can provide helpful guidance. *See, e.g., Government of Virgin Islands v. Scotland* (3d Cir. 1980), 614 F.2d 360; *Cooper v. United States* (4th Cir.1979), 594 F.2d 12; *People v. Calloway* (1981), 29 Cal.3d 666, 175 Cal. Rptr. 596, 631 P.2d 30; *People v. Kaanehe* (1977), 19 Cal.3d 1, 136 Cal.Rptr. 409, 559 P.2d 1028; *Shields v. State* (1977), Del.,

374 A.2d 816, 819, *cert. denied,* 434 U.S. 893, 98 S.Ct. 271, 54 L.Ed.2d 188. The agreement in the case at bar can be likened to a unilateral contract in that consideration was not given for the prosecutor's promise until the defendant disclosed the requested information. The inability to restore the consideration following the prosecutor's breach would preclude the award of traditional contract remedies and could warrant the equitable relief of specific performance.

In resolving the question of whether the agreement in this case warrants equitable enforcement, we are mindful of the paramount need to preserve the integrity and credibility of the criminal justice system while safeguarding a tool valuable to the administration of justice: pre-trial disposition of criminal charges by negotiation between the State and the accused. Although not looked upon favorably at common law, the development of this component of the criminal justice system has facilitated the essential conservation of limited judicial and prosecutorial resources. It should therefore be encouraged, provided that it is properly administered. *See, Santabello v. New York* (1971), 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427.

The deputy prosecutor here promised to "dismiss" charges against the defendant in exchange for specific information. Since charges were not even filed at the time of the agreement, we must assume the prosecutor was offering to forego filing charges against the defendant in exchange for the information.

It is well-settled that the decision whether or not to prosecute lies within the prosecutor's discretion so long as the prosecutor has probable cause to believe that the accused has committed the offense. *Bordernkircher v. Hayes* (1978), 434 U.S. 357, 98 S.Ct. 663, 54 L.Ed.2d 604; *Neely v. State* (1983), 457 N.E.2d 532. Moreover, our legislature has vested the prosecutor with the discretion to dismiss pending felony charges. Ind.Code § 35–34–1–13 provides, "Upon motion of the prosecuting attorney, the court *shall* order the dismissal

of the indictment or information." (Emphasis added)

We recognize that the public may benefit substantially from a prosecutor's decision to withhold prosecution of one individual in exchange for information leading to the arrest and conviction of a person deemed more dangerous to the public welfare. The availability and usefulness of this strategy could be substantially neutralized if the prosecutor's promise is perceived to be unreliable. Substantial harm could result from a decision which removes this weapon from the prosecutor's arsenal.

Furthermore, the promise of a state official in his public capacity is a pledge of the public faith and is not to be lightly disregarded. The public justifiably expects the State, above all others, to keep its bond. *State v. Davis* (1966), Fla.App., 188 So.2d 24, *cert. denied,* 194 So.2d 621 (Fla. Sup.Ct.); *State v. Ashby* (1964), 43 N.J. 273, 204 A.2d 1; *State v. Ward* (1932), 112 W.Va. 552, 165 S.E. 803. As Justice Hunter pointed out in *Dube v. State* (1971), 257 Ind. 398, 407, 275 N.E.2d 7, 11: "It is important for all segments of our society to believe that our court systems dispense justice. This includes the criminals themselves as well as the law abiding citizens, and especially those criminals who have cooperated fully in police investigations."

In light of these considerations, we find that, by reneging on his promise to abate criminal proceedings, the prosecutor's conduct impaired the reliability and usefulness of an important prosecutorial tool and tended to undermine the integrity and credibility of the criminal justice system to an extent compelling reversal in this case.

Our decision today does not conflict with that in *Abner v. State* (1985), Ind., 479 N.E.2d 1254, which involved the enforceability of a grant of immunity to procure testimony against a co-conspirator. Unlike *Abner,* the present case does not involve the grant of immunity permitted by statute as a means to compel testimony notwithstanding the constitutional privilege against self-incrimination.

The trial court is reversed and this cause remanded with instructions to grant defendant's motion to dismiss, and for other proceedings consistent with this opinion.

GIVAN, C.J., and DeBRULER, PIVARNIK and SHEPARD, JJ., concur.