Billy Joe PETTY, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 10S00–8611–CR–944.

Supreme Court of Indiana.

Jan. 11, 1989.

Anne B. Coffman, Jeffersonville, for appellant.

Linley E. Pearson, Atty. Gen., Gary Damon Secrest, Deputy Atty. Gen., Indianapolis, for appellee.

SHEPARD, Chief Justice.

Appellant Billy Joe Petty was tried before a jury and convicted of burglary, a class B felony, Ind.Code § 35–43–2–1 (Burns 1985 Repl.). The judge sentenced Petty to twenty years, consecutive to any sentence Petty was serving in Kentucky.

On November 11, 1984, Petty and an accomplice burglarized the house of Jeffrey and Regina Hurst. While the Hursts were away, Petty and his accomplice kicked open the back door. The Hursts returned during the burglary and discovered Petty's automobile parked in their driveway. Police later found items belonging to the Hursts in Petty's automobile trunk, and Petty's shoe prints were found on the back door of the Hurst home. Petty confessed to committing the burglary.

Petty raises five issues in this direct appeal:

I. Whether the trial court erred in failing to suppress Petty's admissions which were not reduced to writing and not provided to him prior to trial;

II. Whether the trial court erred in failing to give lesser included instructions on theft and conversion;

III. Whether the trial court erred in failing to waive costs assessed to Petty, who had been found to be an indigent;

IV. Whether the trial court erred in denying Petty's motion to dismiss because of an alleged plea bargain agreement that was fulfilled by Petty; or, alternatively, failing to enforce such an agreement at sentencing;

V. Whether the trial court erred in instructing the jury on criminal penalties that inaccurately stated the law as it applied to Petty.

As to the first four issues, we conclude that the trial court acted properly. Although the court erred on the fifth issue, the error was harmless and we therefore affirm.

### I. *Admissibility of Unrecorded Statements*

■ Petty asserts that the trial court should have suppressed his statements to police about his part in the burglary because they were neither recorded nor provided to defense counsel pursuant to the court's discovery order.

Petty waived this issue by failing to assert these specific grounds in his objection at trial. *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244. At trial, Petty's attorney objected to admission on grounds that the statements were not given voluntarily and intelligently.

Moreover, evidence at the suppression hearing revealed that Petty requested that the police not record the statements. Parties may not complain of an error that they invite. *Lacy v. State* (1982), Ind., 438 N.E.2d 968. Petty cannot complain about police failure to turn over a statement which the police did not record. Appellant had the opportunity to depose or interview the police officers who testified about his statement at trial.

### II. *Instructions on Lesser Included Offenses*

Petty asserts that the trial court erred by not giving jury instructions on theft and conversion as lesser included crimes.

The decision to instruct a jury on lesser included crimes is within the discretion of the trial court. A trial court commits reversible error in deciding upon jury instructions only when it abuses that discretion. *Tanner v. State* (1984), Ind., 471 N.E.2d 665.

The trial court is required to instruct on a lesser included offense only if both parts of a two-step test are met. The first step may be satisfied in either of two ways. An offense may be included if all the statutory elements of the lesser offense are inherently part of the statutory definition of the greater offense. In the alternative, an offense may be included if the charging instrument reveals that the manner and means used to commit the essential elements of the charged crime include all the elements of the lesser crime. *Jones v. State* (1986), Ind., 491 N.E.2d 980. As for this first step, the State concedes that theft and conversion are included offenses in this case because of the charging instrument. It contains language and allegations facially tracking the statutory definitions of theft and conversion.

■ The second step of the analysis requires that the evidence at trial justify giving the instruction. The evidence presented must establish all the elements

of the lesser included offenses and reveal a serious dispute on the element(s) which distinguish the charged offense from the lesser included offense. If the evidence supporting the charged offense is compelling and without serious conflict, then the trial court is justified in refusing the lesser included instruction. *Lawrence v. State* (1978), 268 Ind. 330, 375 N.E.2d 208.

■ The elements that distinguish burglary from theft and conversion are breaking and entering. Petty argues that the evidence on these elements is highly speculative. He asserts that there is no eyewitness testimony placing him inside the house and that the only evidence of his breaking and entering came from a police officer who based his testimony on drawings of a shoe print found on the Hurst door. He suggests a jury could easily believe that Petty and his accomplice swapped shoes because there was a substantial time lapse between when the burglary occurred and when the police stopped Petty's automobile. Petty asserts his own confession indicates intent to perform only conversion.

Appellant's argument at best casts doubt on the weight of the evidence, but fails altogether because it overlooks his own confession. The testimony by police officials about appellant's confession directly states appellant's intent to break and enter the Hurst dwelling.

Because there was not a serious evidentiary dispute on the elements which distinguish the charged offense from the lesser included offenses, the trial court was within its discretion in refusing to instruct on theft and conversion.

### III. *Assessing Court Costs to an Indigent*

■ Appellant asserts that the trial court erred by assessing costs against him after he had been found indigent. In the sentencing order, the trial judge stated: "I don't believe by statute that I can waive the cost, but I most certainly will not enforce that part of the order. We will note that he is indigent."

This Court recently held that when fines or costs are imposed upon an indigent, the trial court must expressly state that the defendant shall not be imprisoned for failing to pay the fine. *Whitehead v. State* (1987), Ind., 511 N.E.2d 284, *cert. denied*, —— U.S. ——, 108 S.Ct. 761, 98 L.Ed.2d 773 (1988). Judge Barthold was correct in stating that she may not suspend or waive the costs, but that she will not and may not enforce the order of costs against an indigent. The trial court's expression of nonenforcement of the costs sufficiently qualifies as an express statement that the defendant shall not be imprisoned for failing to pay the fine. Ind.Code § 33–19–2–2 (Burns Supp. 1988). *See* Ind.Code §§ 33–19–2–3 (Burns Supp. 1988), 35–38–1–18 (Burns 1985 Repl.).

### IV. *Alleged Plea–Bargain and Detrimental Reliance*

Petty asserts that the trial court should have enforced an alleged plea bargain agreement between himself and the State. Petty argues that the State wrongfully reneged on the agreement after he waived constitutional rights and other privileges in compliance with the agreement. He says he waived the right to a fast and speedy trial, all extradition proceedings, and psychiatric treatment at a Kentucky facility. Petty argues that because there was a plea bargain agreement and he detrimentally relied upon that agreement, the trial court should have granted his motion to enforce the agreement during sentencing and trial.

■ The statutes contemplate written plea agreements, Ind.Code § 35–35–3–3 (Burns Supp. 1988), and acceptance of an oral offer does not create a binding agreement. *Elmore v. State* (1978), 176 Ind. App. 306, 375 N.E.2d 660, *aff'd*, 269 Ind. 532, 382 N.E.2d 893. Furthermore, even offer and acceptance by the parties do not mandate acceptance by the court. *Coker v. State* (1986), Ind., 499 N.E.2d 1135.

We have recently used principles of equity and contract to enforce a prosecutor's pledge not to prosecute a suspect arrested for burglary if he would supply information for a search warrant aimed at another suspect. *Bowers v. State* (1986), Ind., 500

N.E.2d 203. To have held otherwise would have substantially neutralized the utility of such promises as a way of procuring cooperation.

■ Appellant does not fall within the parameters of *Bowers*. Petty's negotiations with Indiana authorities were more like standard plea bargaining. He alleges he tendered consideration in the form of foregoing a speedy trial request and waiving extradition. There is little indication that Petty was ever interested in a speedy trial. He did not demand such as the months rolled by subsequent to his initial hearing and long after he knew the State would not abide by its offer he still did not seek speedy trial. As for extradition, it appears Petty—the one tried in Clark Superior Court—was indeed the same Petty who temporarily "gave up" his place in a Kentucky facility to be transported for trial. Obviously, Petty would have been transported eventually whether he agreed or not. The prosecutor had the authority to withdraw his offer before it was reduced to writing and submitted to the trial court.

## V. *Jury Instruction Not Accurate Statement of Law*

■ Petty asserts that the trial court erred by reading the following jury instruction because it was an inaccurate statement of the law as applied to Petty. The jury instruction reads as follows:

These instructions do not contain any information concerning the penalties that should be imposed upon conviction. It is now your decision to decide only the guilt or innocence of the defendant, not the appropriate punishment, if any. The law has been so written that you may make your decision without being influenced by the apparent severity or leniency of the sentence.

A person who is convicted of a crime by a jury is sentenced by the judge. In many cases the judge has certain sentencing alternatives, which may include probation, judgment entered as a misdemeanor, restitution, short sentences, rehabilitation programs, etc. In other cases the law requires the judge to sentence to a term of imprisonment that is fixed by the law.

A person who is sentenced to imprisonment may, or may not, serve a full maximum sentence depending upon future events which are beyond our present knowledge and control.

Therefore, in any case when arriving at your verdict, you should not consider or speculate as to if the defendant will have to serve, or if so, how much time he will serve.

Petty argues that this instruction was contrary to law and that its use prejudiced him. He argues that he could not have received "probation, judgment entered as a misdemeanor, [or] restitution" because of his prior record. Ind.Code § 35–50–2–2(b)(1) (Burns 1985 Repl.). The State concedes that this instruction was not accurate as applied to Petty. We conclude, however, that two of the three alternatives were in fact available under the law. The trial court could have ordered restitution and probation in addition to the mandatory sentence required because of Petty's prior record. Ind.Code §§ 35–50–2–2, 35–50–5–3 (Burns 1985 Repl.).

Judgment could not have been entered as a misdemeanor and such a suggestion to the jury was erroneous.[1] The State argues that this is not reversible error because Petty fails to make a sufficient showing of prejudice. We agree. This single reference to a misdemeanor judgment was unlikely to affect the jury's decision on Petty's guilt or innocence of burglary. With-

1. The instruction which the prosecution submitted contains language which will frequently be erroneous as applied to a given defendant. Instructing a jury on this point is more precisely and efficiently carried out by using Indiana Pattern Jury Instruction (Criminal) 13.25. It reads:

These instructions do not contain any information concerning the penalties that could be imposed upon a conviction. The judge is solely responsible for assessing the penalty within a broad range of opportunities. The law has been so written that you may make your decisions without being influenced by the apparent severity or leniency of the sentence.

out such an apparent effect, there is no ground for reversal. *Koehler v. State* (1986), Ind., 499 N.E.2d 196. Any error in the giving of an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Walker v. State* (1986), Ind., 497 N.E.2d 543.

The judgment of the trial court is affirmed.

GIVAN, PIVARNIK and DICKSON, JJ., concur.

DeBRULER, J., concurs in result without separate opinion.