Brent BADGER, Appellant,

v.

STATE of Indiana, Appellee.

No. 34A02–9203–CR–126.

Court of Appeals of Indiana,
Fourth District.

Oct. 28, 1993.

Rehearing Denied Dec. 2, 1993.

James R. Fleming, Howard County Public Defender, Kokomo, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

CONOVER, Judge.

Defendant–Appellant Brent Badger (Badger) appeals his convictions for Burglary, a Class C felony, Conspiracy to Commit Robbery, and Robbery, Class B felonies, and Dealing in a Sawed–Off Shotgun, a Class D felony.[1]

We reverse.

The sole issue presented for review is whether the trial court erred by permitting the state to unilaterally withdraw from a written plea agreement which had been negotiated and signed by the parties, then filed with the trial court.

After he was charged with the above crimes, Badger and the deputy prosecutor assigned to his case negotiated and signed a Recommendation of Plea Agreement wherein Badger was to plead guilty to burglary and conspiracy to commit robbery. In exchange, the State agreed to dismiss the robbery and dealing in a sawed-off shotgun charges, and recommended reduced sentences. The agreement was filed with the trial court on the day it was reduced to writing and signed.

The following day, the State moved to withdraw the agreement. Badger objected. After subsequent argument, the trial court granted the State's motion. After a bench trial, Badger was convicted on all counts. He appeals.

Badger's sole argument is once a plea bargain has been agreed upon, reduced to writing, signed by the parties, and filed with the trial court as provided by statute, the State does not have a right to withdraw from that agreement unilaterally. We agree.

Plea bargaining in our state is strictly controlled by statute. *See* IND. CODE 35–35–3–1, *et seq.* A reflective reading thereof demonstrates a legislative intent that written plea agreements filed with the trial court bind the prosecuting attorney and the defendant equally. There is no provision for withdrawal from such agreement by either the prosecutor or the defendant once filed with the trial court. Once filed as provided by statute, only the trial court itself can reject a plea agreement. *See* IC 35–35–3–3(b). Certainly, that is as it should be.

Justice Dickson noted in *Bowers v. State* (1986), Ind., 500 N.E.2d 203, that plea bargaining has become a valuable tool in the administration of criminal justice. It is to be encouraged because the development of this component of the criminal justice sys-

1. Respectively, IND. CODE 35–43–2–1, IC 35–41– 5–2, IC 35–42–5–1, and IC 35–47–5–4.1.

tem has facilitated the essential conservation of limited judicial and prosecutorial resources. *Id.,* 500 N.E.2d at 204.

Only when the plea bargaining statute is applied in an even-handed fashion as to both the State and the defense is its efficacy preserved. As Justice Dickson said:

> ... (T)he promise of a state official in his public capacity is a pledge of the public faith and is not to be lightly disregarded. The public justifiably expects the State, above all others, to keep its bond.

*Bowers,* 500 N.E.2d at 204. To permit the prosecution to renege on the bargain it struck with Badger here, clearly would tend to undermine the confidence of those charged with crime and the public generally, in the integrity and credibility of the law authorizing plea bargaining.

Reversed and remanded for further proceedings consistent with this opinion.

FRIEDLANDER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

The majority poses the issue before us as: whether the State may *unilaterally* withdraw a guilty plea agreement filed with the trial court. I disagree with the framing of the issue. The State did not unilaterally withdraw the plea agreement. It was vacated following a hearing upon defendant's objections to the State's motion to withdraw and pursuant to the trial court's granting of the motion to withdraw.

The majority relies upon *Bowers v. State* (1986) Ind., 500 N.E.2d 203, to support its conclusion that the State may not withdraw a signed plea agreement after it has been filed with the court. The relevant facts were set out by the *Bowers* court:

> "[P]olice arrested the defendant in Vincennes, Indiana, in connection with an alleged burglary. On that same day, the defendant and the Chief Deputy Prosecuting Attorney in Knox County entered into an oral agreement whereby the prosecutor would 'dismiss' charges related to defendant's arrest if defendant would

provide information sufficient to obtain a search warrant for the residence of one Davy Williams. Defendant supplied the requested information and it proved fruitful in obtaining and executing the search warrant which in turn resulted in Williams' arrest for possession of marijuana that same day.

> Contrary to the terms of the agreement, the State filed an information against defendant for burglary.... Defendant filed a Motion to Dismiss based on his agreement with the prosecutor. Following a full hearing, the trial court denied the motion and defendant filed this interlocutory appeal challenging that ruling." 500 N.E.2d at 203.

Our Supreme Court reversed the ruling of the trial court and ordered the trial court to dismiss the charges.

Admittedly, the following language from *Bowers,* taken alone, arguably supports Badger's contention that a prosecutor may *never* withdraw a plea agreement after it has been signed by the parties:

> "In light of these considerations, we find that, by reneging on his promise to abate criminal proceedings, the prosecutor's conduct impaired the reliability and usefulness of an important prosecutorial tool and tended to undermine the integrity and credibility of the criminal justice system to an extent compelling reversal in this case." *Bowers, supra,* 500 N.E.2d at 204.

However, as is often the case, to isolate any particular passage from the context in which it applied is tantamount to separating words from their meanings. In *Bowers,* the defendant performed an act in reliance upon the plea agreement (in addition to the very act of agreeing). Said act of defendant inured to the benefit of the State inasmuch as the State was supplied with information useful in apprehending a suspected violator of the law. Having performed his part of the bargain, Bowers rightly expected the State to honor its promise as contained in the plea agreement.

Our Supreme Court's analysis centered upon the practical utility of the plea agreement as a tool in procuring the cooperation of defendants in the criminal justice system. Such utility, the Court opined, would be seriously undermined if the State were allowed to disregard its obligations after having realized benefits as a result of acts performed by the defendant pursuant to the agreement. Thus, the *Bowers* rationale applies when the plea agreement in question calls for the defendant to perform an act which inures to the State's benefit or to the defendant's detriment, i.e., performance in exchange for a promise. However, Badger performed no act pursuant to the plea agreement from which the State realized a benefit, as the agreement did not call for such an act; nor did Badger suffer any detriment during the one-day period between the agreement and the State's motion to withdraw. Thus, it cannot be said here, as it could in *Bowers,* that allowing the State to withdraw the agreement would negatively impact the State's credibility, because there is no appearance of misleading Badger in order to induce him to act.

A second reason to refuse to allow the State to withdraw from a plea agreement was set forth by our Supreme Court in *Petty v. State* (1989) Ind., 532 N.E.2d 610. There, the Court held that a prosecutor has authority to withdraw a plea agreement offer before the offer is reduced to writing and submitted to the trial court. Although that holding does not apply to the instant case, our Supreme Court's analysis provides a useful framework for addressing the question herein presented.

In *Petty,* the defendant asserted that the State had reneged upon a plea agreement, which had not been reduced to writing. The defendant argued in terms of detrimental reliance, a concept traditionally used in equity and contracts. The Court acknowledged that it had previously applied principles of equity and contract when considering withdrawal of plea agreements, citing *Bowers. Petty, supra,* 532 N.E.2d at 612. The Court noted that acceptance of an oral offer does not create a binding agreement. *Id.* (citing *Elmore v. State*

(1978) 2d Dist., 176 Ind.App. 306, 375 N.E.2d 660, *aff'd,* 269 Ind. 532, 382 N.E.2d 893). Further, and of significance in the instant case, the Court noted that even an offer and acceptance by the parties does not mandate acceptance by the trial court. *Id.* Although not so stated by the Court in *Petty,* it is beyond debate that the principle that a trial court is not bound to accept a plea agreement is true without regard to whether the offer is written or oral, whether filed with the court or not. Ultimately, the Court rejected the *Petty* defendant's claim of detrimental reliance upon its merits.

Applying the foregoing analysis to the instant case, the terms of Badger's plea agreement render the *Bowers* rule inapplicable. Assuming, *arguendo,* that *Petty* may be understood to mean that the State may not withdraw a plea agreement upon which a defendant has relied to his detriment, *see Parker v. State* (1989) 1st Dist. Ind.App., 542 N.E.2d 1026, 1029, and although Badger has not advanced this argument, I conclude that there was no detrimental reliance upon Badger's part. Thus, I discern no reason in equity which would preclude the State from withdrawing the plea agreement with Badger prior to acceptance by the court.

The majority opinion emphasizes the desirability of enforcing promises made by prosecuting attorneys. To be sure, as noted in *Bowers v. State, supra,* and as quoted in the majority opinion here, "[t]he public justifiably expects the State, above all others, to keep its bond." 500 N.E.2d at 204. This position therefore, has much to recommend it. Nevertheless, to hold that an "agreement" between a defendant and the State is absolutely binding when filed is to remove the trial court from the process. The court itself is and must be a party to any binding plea agreement.

Here, the trial court conducted a hearing before granting the State's motion to withdraw the plea. We must assume that in doing so, the court properly exercised its discretion.

In conclusion, in view of the fact that a trial court is free to reject such an agree-

ment even if the State were forbidden to withdraw it, I would hold that, absent detrimental reliance or performance by the defendant which inured to the State's benefit, the trial court did not err in allowing the State to withdraw the written and signed plea agreement prior to acceptance by the court. The trial court here did not err in granting the State's motion to withdraw the plea agreement.