ON PETITION TO TRANSFER
SULLIVAN, Justice.
On December 17, 1991 after a bench trial in the Howard Circuit Court, Brent Badger was found guilty of Burglary[1] (Count I), Conspiracy to Commit Robbery[2] (Count II), and Robbery[3] (Count III). Badger was found not guilty on a charge of Dealing in a Sawed-off Shotgun[4] (Count IV). He was sentenced to four years on the burglary count, ten years on the conspiracy count, and twelve years on the robbery count. Judge Brubaker ordered that the sentences be served concurrently and suspended four years. (R. 133.)
Badger appealed his convictions on the basis of a plea agreement according to which he would have pled guilty to Burglary and Conspiracy to Commit Robbery and the State would have recommended reduced sentences and dismissed the Robbery and Dealing in a Sawed-off Shotgun charges. Badger and the State entered into this written plea agreement on July 30, 1991, and the State filed the Recommendation of Plea Agreement with the trial court on the same day. (R. 56-57.) On the following day, the State moved to withdraw the plea agreement. On August 7, 1991, Judge Brubaker held a hearing on the State’s motion, heard arguments, and granted the State’s motion to withdraw the plea agreement.
The Court of Appeals, in a published opinion appearing as Badger v. State (1993), Ind. *798 App., 622 N.E.2d 236 (per Conover, J., Fried-lander, J. concurring, and Sullivan, J., dissenting with separate opinion) considered the issue “whether the trial court erred by permitting the state to unilaterally withdraw from a written plea agreement which had been negotiated and signed by the parties, then filed with the trial court.” Id. at 236. The Court of Appeals concluded that when Judge Brubaker granted .the State’s Motion to Withdraw Recommendation of Plea Agreement, he committed reversible error. The State now petitions to transfer the decision of the Court of Appeals to this Court for review. Ind.Appellate Rule 11(B).
We now grant transfer, vacate the Court of Appeals’ decision, and affirm Judge Brubaker’s decision to grant the State’s Motion to Withdraw Recommendation of Plea Agreement.
As a preliminary matter, we do not believe the issue presented is as the Court of Appeals stated it. There is no contention in this case that the Howard County Prosecutor could, as a matter of right, withdraw the plea agreement as filed with the trial court. Furthermore, it cannot fairly be said that the prosecutor in this case “unilaterally” withdrew the plea agreement. .He made a motion to the trial court requesting the court’s permission to withdraw the agreement, and the trial court granted the motion. We therefore restate the issue to be resolved in this case as whether a trial court has the discretion to grant the prosecution’s Motion to Withdraw Recommendation of Plea Agreement. We hold that a trial court does have that discretion within its power.
As the Court of Appeals pointed out in its opinion, the plea bargaining process is controlled in large measure by statute.[5] Id. And as we have said previously, “To achieve the balance of rights [of victims, defendants, and society at large] struck by the legislature, it is incumbent that all parties follow these statutory rules.” Reffett v. State (1991), Ind., 571 N.E.2d 1227, 1229.
The statutory framework provides, directly or implicitly, for five stages in the plea bargaining process. First, there is the plea agreement itself. “‘Plea agreement’ means an agreement between a prosecuting attorney and a defendant concerning the disposition of a felony or misdemeanor charge.” Ind.Code § 35-35-3-1 (1993). As part of the plea agreement, the prosecuting attorney may include a recommendation. “ ‘Recommendation’ means a proposal that is a part of a plea agreement made to the court that: (1) a felony charge be dismissed; or (2) a defendant, if he pleads guilty to a felony charge, receive less than the presumptive sentence.” Id.
The second stage is reached once an agreement is concluded between a prosecuting attorney and a defendant. It is the role of the prosecuting attorney to submit to the trial court the agreement together with any recommendation. Ind.Code § 35-35-3-3(a) (1993). If the plea agreement is on a felony charge, the agreement must be in writing,[6] and the prosecuting attorney must submit the agreement before the defendant has entered a guilty plea. Id.
At the third stage, it is up to the trial court to accept or reject the plea agreement as filed. If the court rejects the plea agreement, new agreements of the parties may be filed with the court; if the court accepts the agreement, it becomes bound by the terms of the agreement. Ind.Code § 35-35-3-3(e).[7]
*799 After the trial court has accepted a plea agreement, stage four is the actual entry of the guilty plea by the defendant. The fifth stage is sentencing. For a variety of reasons, the stages leading up to sentencing do not always occur in the order we have given.
The controversy in this ease concerns what happens between the second and third stages of the plea bargaining process— after a plea agreement has been filed with the trial court but before the trial court has accepted or rejected the plea agreement. We have said elsewhere that the prosecution has the absolute authority to withdraw a plea agreement before it has been reduced to writing and submitted to the trial court. Petty v. State (1989), Ind., 532 N.E.2d 610, 613. Offer and acceptance of an agreement by the parties do not alone compel acceptance of the agreement by the trial court, else there would be no need for the trial court to accept or reject an agreement submitted to it under Ind.Code § 35-35-3-3.[8] Indeed, Badger concedes that the plea agreement would constitute a “binding contract” only upon its acceptance by the trial court. (Appellant’s Brief in Opposition to Appellee’s Petition to Transfer at 5-6). We review a trial court’s decision to accept or reject a plea agreement to determine whether it abused its discretion. Reffett, 571 N.E.2d at 1230; Phillips v. State (1982), Ind., 441 N.E.2d 201, 207.
In view of a trial court’s discretionary power to accept or reject a plea agreement to which it will be bound once it has accepted it, we understand Badger to be claiming either that it was improper for the prosecution to make its motion to withdraw the plea agreement or that it was improper for the trial court to consider such a motion. We think such a claim is unfounded both procedurally and in terms of public policy.
It is true that there is no specific procedural provision that contemplates a Motion to Withdraw Recommendation of Plea Agreement. Nevertheless, Indiana Code § 35-35-2-l(b) (1993) provides:
Except as provided in this title, an application to the court for an order must be by motion. A motion other than one made during a trial or hearing must be in writing. ... It must state the grounds upon which it is made and set forth the order or relief sought....
Indiana Code § 35-35-2-2 (1993) provides:
In all criminal cases where no provision has been made in this title, the Indiana Rules of Trial Procedure govern. Where no procedure is provided by this title, the trial court may proceed in any manner consistent with applicable statutes or court rules.
Indiana Trial Rule 7(B) provides:
Unless made during a hearing or trial, or otherwise ordered by the court, an application to the court for an order shall be made by written motion. The motion shall state the grounds therefor and the relief or order sought....
The prosecutor made his motion orally, in open court at a hearing, and we think the requirements of any arguably applicable rule were satisfied. We can, in fact, perceive no procedural impediment that would have prevented either party from moving to withdraw the plea agreement since neither had the defendant yet entered a plea nor had the trial court formally accepted the agreement.[9]
If it was proper for the prosecutor to make the motion, it was also proper for the trial court to consider it as a factor in its discretionary decision whether to accept or reject the plea agreement. Indeed, in this *800 ease, the court held a hearing on the motion before granting it. (R. 160 ff.) Procedurally speaking, then, we think the course of events in this case conformed with both the letter and spirit of the statutory framework governing plea bargaining.
We do not mean to suggest that the statutory framework is sacrosanct. In Bowers v. State (1986), Ind., 500 N.E.2d 203, a prosecutor entered into an agreement whereby he would “dismiss” charges against Bowers in return for information sufficient to obtain a search warrant in another investigation. Bowers provided the information and the search warrant was obtained as a result of that information. Despite the agreement, the prosecutor filed a charge of Burglary against Bowers. Bowers filed a Motion to Dismiss the charge based on his agreement with the prosecutor, and the trial court denied the motion. On appeal, we ordered the trial court to grant Bowers’ motion to dismiss, saying that “by reneging on his promise to abate criminal proceedings, the prosecutor’s conduct impaired the reliability and usefulness of an important prosecutorial tool and tended to undermine the integrity and credibility of the criminal justice system compelling reversal in this case.” Id. at 204.
In Petty v. State (1989), Ind., 532 N.E.2d 610, we considered a claim based on Bowers that Petty had detrimentally relied on an alleged oral plea agreement. Petty claimed that he had given up his right to a speedy trial and waived extradition proceedings in exchange for a plea agreement. Id. at 612. Although we rejected Petty’s claim of detrimental reliance on the facts, we accepted the theory on which he based the claim. See id. at 613.
The lesson of Bowers and Petty is that courts must enforce agreements between the prosecution and a defendant, even if those agreements are oral and therefore outside the statutory framework, either if the State has materially benefitted from the terms of the agreement or if the defendant has relied on the terms of the agreement to his substantial detriment. In this case, after hearing evidence and argument at the hearing on the prosecutor’s motion to withdraw the plea agreement, Judge Brubaker specifically found 1) that Badger would not be prejudiced by withdrawal of the agreement (R. 179.); and 2) that Badger had not detrimentally relied on the agreement. (R. 180.) There is no contention in this case that the State benefitted by some act performed by Badger under the terms of the agreement. Because we do not find either that the trial court’s findings were clearly erroneous or that the trial court abused its discretion, we conclude that Judge Brubaker properly granted the prosecutor’s Motion to Withdraw Recommendation of Plea Agreement.

Conclusion

Accordingly, we now grant transfer, vacate the opinion of the Court of Appeals, Ind.Appellate Rule 11(B)(3), and reinstate the judgment of the trial court.
SHEPARD, C.J., and GIVAN and DICKSON, JJ., concur.
DeBRULER, J., dissents with opinion.

. Ind.Code § 35-43-2-1 (1993).

. Ind.Code § 35-41-5-2 (1993).

. Ind.Code § 35-42-5-1 (1993).

. Ind.Code § 35-47-5-4.1 (1993).

. See Ind.Code § 35-35-3-1 through § 35-35-3-7 (1993). See also Ind.Code § 35-35-l-2(a)(4) (1993) (requiring the trial court, before accepting a defendant's guilty plea, to inform the defendant that it will be bound by the terms of the plea agreement it accepts); Ind.Code § 35-35-1-4 (1993) (governing the withdrawal of both pleas of guilty and not-guilty); Ind.Code §§ 35-35-2-1 & 2 (1993) (governing pleadings in criminal proceedings).

. If the plea agreement is on a misdemeanor charge, the agreement may be submitted to the court orally. Ind.Code § 35-35-3-3(c).

.See also our order of January 10, 1994, denying transfer in Tharp v. State (1993), Ind.App., 622 N.E.2d 588. In Tharp, the appellant had met the educational requirements of Ind.Code § 35-38-1-23 (Bums 1993) and requested a reduction of his sentence. The appellant was serving an executed term of imprisonment as a result of a plea agreement. We said, " ‘If the court accepts a plea agreement, it shall be bound by its terms.' *799 I.C. 35-35-3-3(e). Therefore, as a matter of statutory construction, I.C. 35-35-3-3(e) prohibits the reduction of any sentence imposed pursuant to a plea agreement. If the sentencing court is to reduce a sentence imposed pursuant to a plea agreement on the basis of the educational attainment provisions of I.C. 35-38-1-23, the legislature will have to provide an exception to I.C. 35-35-3-3(e)."

. Offer and acceptance of a plea bargain by the parties also create no constitutional right to specific performance of the plea bargain. Mabry v. Johnson, 467 U.S. 504, 507-08, 104 S.Ct. 2543, 2546, 81 L.Ed.2d 437 (1984); Coker v. State (1986), Ind., 499 N.E.2d 1135, 1138.

. We also note that there was no term in the plea agreement itself precluding either party from seeking withdrawal of the agreement prior to acceptance by the trial court.