Mitchell L. ROGERS, Appellant–
Defendant,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 48A02–9809–CR–748.

Court of Appeals of Indiana.

Aug. 27, 1999.

Robert W. Rock, Anderson, Indiana, Attorney for Appellant.

1. IND.CODE § 35–43–2–1 (1993).

2. IND.CODE § 35–42–4–8 (1993).

3. IND.CODE § 9–30–5–3 (1993).

4. Rogers was initially charged with two counts of residential entry instead of two counts of burglary. The information was later amended to include the burglary charges.

Jeffrey A. Modisett, Attorney General of Indiana, Thomas D. Perkins, Deputy Attorney General, Indianapolis, Indiana, Attorneys for Appellee.

OPINION

STATON, Judge

Mitchell Rogers appeals his sentence following his plea of guilty to two counts of burglary, Class C felonies,[1] two counts of sexual battery, Class D felonies,[2] and driving while intoxicated, a Class D felony.[3] Rogers raises one issue on appeal, which we restate as: whether the trial court erred by failing to sentence Rogers in accordance with his plea agreement.

We reverse and remand with instructions.

On two occasions, Rogers entered the home of the victim without being invited. The first time, Rogers grabbed the breasts and genitals of the victim. The second time, Rogers rubbed his penis on the victim's arms and hips. Rogers was arrested and charged with two counts of burglary as Class B felonies and two counts of sexual battery as Class D felonies.[4] While out of jail on bond, Rogers was arrested for driving while intoxicated. Rogers was charged with two counts of driving while intoxicated and as an habitual substance offender.[5] Rogers and the State entered into a plea agreement whereby Rogers agreed to plead guilty to two counts of burglary as Class C felonies, two counts of sexual battery as Class D felonies, and driving while intoxicated as a Class D felony. Following his guilty plea, the trial court sentenced Rogers; this appeal ensued.

Rogers contends that the trial court failed to sentence him in accordance with his plea agreement with the State. A plea agreement is contractual in nature, binding the defendant, the State, and the trial court.

5. The first driving while intoxicated count was divided into Count I(a), driving while intoxicated as a Class A misdemeanor, and Count I(b) driving while intoxicated as a Class D felony. Although Rogers eventually pleaded guilty to both Counts I(a) and I(b), the trial court correctly sentenced Rogers only on Count I(b), which was the enhanced charge based upon Rogers' prior conviction for driving while intoxicated.

*Pritscher v. State,* 675 N.E.2d 727, 732 (Ind. Ct.App.1996). "It is within the trial court's discretion to accept or reject a plea agreement and the sentencing provisions therein; however, if the court accepts such an agreement, it is strictly bound by its sentencing provision and is precluded from imposing any sentence other than that required by the plea agreement." *Id.*

The problem in this case stems from the prosecuting attorney's failure to submit a written plea agreement to the trial court as required by IND.CODE § 35–35–3–3 (1993). *See Badger v. State,* 637 N.E.2d 800, 802 (Ind.1994). The transcript reveals that the parties' agreement was submitted orally to the court during Rogers' guilty plea hearing. The following exchange took place between the court and Rogers' counsel:

> [Court]: Is there a plea agreement?
>
> [Defense Counsel]: It has been recited to the Court your Honor.
>
> [Court]: What is that?
>
> [Defense Counsel]: In consideration of these pleas, all counts are being run concurrent on # 239 [partial cause number for the burglary and sexual battery charges] and that # 238 [partial cause number for the driving while intoxicated charges] will run consecutive. Sentencing is left up to the Court.

Record at 108. The court, defense counsel, and the prosecuting attorney discussed a few additional terms, but none of them pertained to the length of Rogers' sentences, whether the sentences were to be consecutive or concurrent, or what portion of the sentences would be executed. The above colloquy implies that additional terms may have been discussed at a previous time with the trial court, but that exchange does not appear in

the record. After this discussion, the trial court accepted Rogers' guilty plea to each of the counts. In doing so, the trial court implicitly accepted the plea agreement between the State and Rogers.[6] *See Lee v. State,* 652 N.E.2d 113, 114 (Ind.Ct.App.1995). Accordingly, it was bound by the terms of that agreement. *Pritscher,* 675 N.E.2d at 732.

■ Additional details regarding the plea agreement, which had not been discussed on the record prior to the trial court's acceptance of the agreement, were presented at Rogers' sentencing hearing. Both the prosecutor and defense counsel informed the trial court that the agreement called for a maximum sentence of sixteen years, with a maximum of eleven years executed. However, the agreement accepted by the trial court at the guilty plea hearing contained no such limits, at least so far as the record reveals. Rather, the agreement merely provided that the sentences on the burglary and sexual battery charges had to be ordered concurrent to one another, and that the sentence for driving while intoxicated would be ordered consecutive to the burglary and sexual battery sentences. The trial court was not permitted to deviate from the agreement as accepted prior to Rogers' entry of his guilty pleas.[7]

The trial court sentenced Rogers to eight years for each burglary count and ordered that these sentences be served consecutively. The court sentenced Rogers to three years for each sexual battery count and ordered that these sentences also be consecutive to one another, but that the sexual battery counts were to be concurrent to the burglary counts. Finally, the trial court sentenced Rogers to three years for the driving while

---

6. The following exchange took place between the court and Rogers at the guilty plea hearing:

> [Court]: Sir you understand the Court is not a party to any plea agreement and I don't have to do this plea agreement, but if I do it I am bound by its terms. In plain English you make deals with the State not with me. I don't have to do deals, but if I do it then I can't change it, do you understand sir?
>
> [Rogers]: Yes sir I do.
>
> [Court]: How do you plead to Amended Amended [sic] Count I, Burglary, a C felony?
>
> [Rogers]: Guilty.

Record at 109. The trial court then proceeded to accept Rogers' guilty pleas to another count of burglary as a Class C felony, two counts of sexual battery as a Class D felony, and driving while intoxicated as a Class D felony.

7. We think it likely that the plea agreement accepted by the trial court at the guilty plea hearing did contemplate the additional details discussed at the sentencing hearing. Nevertheless, we can only speculate about this due to the lack of a written plea agreement and an otherwise inadequate record.

intoxicated count, to be served consecutive to the burglary and sexual battery sentences. Of the sixteen years resulting from the burglary and sexual battery counts, the court ordered that eleven years be executed and five years be served on probation. The court ordered that the three year sentence for driving while intoxicated be suspended.

Rogers' sentence contravenes the plea agreement accepted by the trial court. That agreement required that the sentences for *all* of the burglary and sexual battery counts be ordered concurrent with one another. The trial court ordered that the sentences for the burglary charges be served consecutive to one another, and the same for the sexual battery charges. Therefore, we must reverse Rogers' sentence and remand for resentencing in accordance with the plea agreement accepted by the trial court prior to Rogers' guilty pleas.

Reversed and remanded with instructions.

NAJAM, J., and RUCKER, J., concur.