**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Mar 30 2012, 9:55 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**BRIAN REITZ**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| DECARLOS J. FREEMAN, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A04-1111-CR-619 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable David C. Bonfiglio, Judge
Cause No. 20D06-1106-FD-213

**March 30, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**NAJAM, Judge**

## STATEMENT OF THE CASE

DeCarlos Freeman appeals his two convictions for resisting law enforcement, one as a Class D felony and one as a Class A misdemeanor, following his guilty plea. Freeman raises a single issue for our review, namely, whether his guilty plea was void <u>ab initio</u> because the State did not reduce the plea agreement to writing. We affirm Freeman's convictions.

## FACTS AND PROCEDURAL HISTORY

On June 25, 2011, Freeman fled from a law enforcement officer and then physically struggled with the officer when the officer caught him. On June 29, the State charged Freeman with receiving stolen property, as a Class D felony; resisting law enforcement, as a Class D felony; and resisting law enforcement, as a Class A misdemeanor.

On October 12, 2011, Freeman's counsel orally informed the court that Freeman would be pleading guilty to the two charges of resisting law enforcement, in exchange for which the State would dismiss the receiving stolen property charge. Freeman's counsel further informed the court that the sentences for the two resisting charges were to run concurrently.

The trial court advised Freeman of his rights and the effects pleading guilty would have on those rights. The court also advised Freeman of the potential penalties for the crimes he had committed. Freeman informed the court that he understood its advisements and then provided a factual basis for the plea. The court accepted Freeman's guilty plea and sentenced him accordingly. This appeal ensued.

## DISCUSSION AND DECISION

The only argument Freeman raises on appeal is whether his plea agreement is void ab initio because it was not reduced to writing. Specifically, Freeman avers that his plea agreement violates Indiana Code Section 35-35-3-3(a)(1), which requires plea agreements on felony charges to be "in writing."

Freeman acknowledges on appeal that the Indiana Supreme Court has not interpreted Indiana Code Section 35-35-3-3(a)(1)'s "in writing" requirement strictly. For example, in Badger v. State, 637 N.E.2d 800, 804 (Ind. 2994), our supreme court stated:

> The lesson of [our prior decisions on oral plea agreements] is that courts must enforce agreements between the prosecution and a defendant, even if those agreements are oral and therefore outside the statutory framework, either if the State has materially benefitted from the terms of the agreement or if the defendant has relied on the terms of the agreement to his substantial detriment.

Moreover, this court has further explained that, whether oral or otherwise, once a trial court is informed of the terms of a plea agreement and it accepts that agreement, the court is bound by its terms. Shepperson v. State, 800 N.E.2d 658, 660 (Ind. Ct. App. 2003); see also Ind. Code § 35-35-3-3(e) ("If the court accepts a plea agreement, it shall be bound by its terms.").

Here, after noting Badger and Shepperson, Freeman concedes that, "[i]f the court follows the line of cases related to the issue raised by Freeman, [his] appeal fails." Appellant's Br. at 2. Nonetheless, Freeman asserts that we should not follow the case law but instead should apply the "clear and unambiguous" language of Indiana Code Section 35-35-3-3. Id. But the Indiana Code also unambiguously binds a trial court to the terms of an accepted plea agreement. I.C. § 35-35-3-3(e). Thus, when faced with the

3

scenario of an accepted oral plea agreement, this court in <u>Shepperson</u> concluded that the accepted oral plea agreement had the same binding effect as a written agreement. We agree with that conclusion. <u>See also</u> <u>Rogers v. State</u>, 715 N.E.2d 428, 429 (Ind. Ct. App. 1999) (holding that the trial court was bound by the terms of the oral plea agreement once the court accepted the agreement).

Freeman does not suggest that the trial court failed to properly follow the terms of his plea agreement. Accordingly, we hold that the trial court did not err when it accepted Freeman's oral plea agreement. The trial court properly followed the terms of the plea agreement, and Freemen got the benefit of his bargain with the State. Thus, we affirm his convictions.

Affirmed.

RILEY, J., and DARDEN, J., concur.