**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Jun 20 2013, 5:44 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**PETER D. TODD**
Elkhart, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

|  |  |  |
|---|---|---|
| COREY L. GRIER, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 20A05-1212-CR-658 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE ELKHART SUPERIOR COURT
The Honorable Charles Carter Wicks, Judge
Cause No. 20D05-1112-FD-353

**June 20, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

**Case Summary**

Corey L. Grier ("Grier") pled guilty to Possession of Marijuana, as a Class D felony.[1] He raises one issue for our review, whether the trial court breached a plea agreement when it required him to serve his sentence in the Indiana Department of Correction.

We reverse and remand.

**Facts and Procedural History**

On December 3, 2011, Grier possessed marijuana in an amount that exceeded thirty grams. On December 5, 2011, the State charged Grier with Possession of Marijuana, as a Class D felony.

The omnibus date was February 3, 2012, providing for a plea-bargain deadline of March 5, 2012. The deadline was later extended to March 19, 2012. On August 28, 2011, the State filed an allegation that Grier is a habitual offender.

On October 8, 2012, Grier offered a plea of guilty to the charge against him. His attorney informed the trial court that the parties had agreed to community corrections placement, with the State arguing for work release and the defense requesting "ECCC home detention."[2] (Tr. 61.) Additionally, the trial court was informed that the State had agreed to move to dismiss the habitual offender allegation. After Grier was advised of his rights and provided a factual basis for the plea, the trial court conditionally accepted the guilty plea.

At the sentencing hearing, Grier asked the trial court "to honor the recommendation."

---

[1] Ind. Code § 35-48-4-11.

[2] Community corrections is "a program consisting of residential and work release, electronic monitoring, day treatment, or day reporting[.]" Ind. Code § 35-38-2.6-2.

(Tr. 69.) The deputy prosecutor responded:

> Well Your Honor this is admittedly a case with a long history that I wasn't a party to. I would just ask that you go forward with and adopt the recommendation between the state and defendant and also between the prior DPA who had more knowledge about this case than I do and the defendant, which is the state is offering to dismiss the habitual criminal offender enhancement in exchange for the defendant agreeing to 3 years Elkhart County Community Correction Work Release.

(Tr. 70.) The trial court accepted the guilty plea but imposed a three-year sentence to be executed in the Indiana Department of Correction, instead of a three-year sentence in work release. The trial court found as aggravators Grier's prior felony convictions and his violation of probation; his guilty plea and remorse were found to be mitigators. The habitual offender allegation was dismissed upon motion from the State. Grier appeals.

**Discussion and Decision**

On appeal, Grier challenges only the trial court's decision to place him in the Indiana Department of Correction for execution of his sentence. He contends that he and the State reached an agreement and "the intentions of the parties were clear," yet the trial court "failed to honor the agreement made by the parties to allow Grier to participate in the ECC Work Release program." (Appellant's Brief at 2-3.)

A plea agreement is contractual in nature, and binds the defendant, the State, and the trial court. Valenzuela v. State, 898 N.E.2d 480, 482 (Ind. Ct. App. 2008), trans. denied. The State and defendant are parties to the agreement and the trial court, once it has accepted the agreement, is bound by its terms. Lee v. State, 816 N.E.2d 35, 38 (Ind. 2004). We therefore apply principles of contract interpretation to determine "what is reasonably due to

3

the defendant," <u>Valenzuela</u>, 898 N.E.2d at 482, though contract principles will not be dispositive in all cases. <u>Lee</u>, 816 N.E.2d at 38.

Although a plea agreement in a misdemeanor case may be submitted orally to the court, Indiana Code section 35-35-3-3(a) requires that all felony plea agreements be in writing:

> No plea agreement may be made by the prosecuting attorney to a court on a felony charge except:
> (1)    in writing; and
> (2)    before the defendant enters a plea of guilty.

The State does not deny that Grier and the prosecution reached an agreement, but observes that no written plea agreement with a fixed sentencing recommendation was submitted. Instead, the parties orally advised the trial court as to the terms of the agreement that they had reached.

The requirement of a written plea agreement has not been strictly enforced. In <u>Shepperson v. State</u>, 800 N.E.2d 658, 660 (Ind. Ct. App. 2003), a panel of this Court addressed a similar situation, where "the terms of the agreement were made known to the trial court on the record and they were accepted by the trial court." The <u>Shepperson</u> Court found the oral plea agreement to be enforceable, relying upon <u>Badger v. State</u>, 637 N.E.2d 800, 804 (Ind. 1994) (stating the courts must enforce agreements between the prosecution and a defendant, even if the agreements are oral and outside the statutory framework, if the State has materially benefitted from the terms of the agreement or if the defendant has relied on the terms of the agreement to his substantial detriment). Accordingly, an accepted oral plea agreement will have the same effect as a written agreement. <u>See</u> <u>id.</u>

Additionally, "when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to be part of the inducement or consideration, such promise must be fulfilled." Santobello v. New York, 404 U.S. 257, 262 (1971). See also Rogers v. State, 715 N.E.2d 428, 429 (Ind. Ct. App. 1999) (holding that the trial court was bound by the terms of the oral plea agreement once the court accepted the guilty plea and "implicitly accepted the plea agreement").

Here, Grier appeared before the trial court for the purpose of entering a guilty plea and the trial court was fully advised of the agreement prompting that plea. The State and Grier had agreed to the imposition of the maximum three-year sentence for a Class D felony,[3] with that sentence to be served in community corrections. Also, the State agreed to seek dismissal of the habitual offender allegation.

The State benefitted from Grier's guilty plea by avoiding a trial, and Grier, in reliance upon the oral plea agreement, acted to his substantial detriment by conceding his guilt to the charged offense. The trial court accepted Grier's guilty plea and granted the State's motion for dismissal of the habitual offender allegation, without making it plain to Grier that the trial court intended to deviate from the agreement with regard to the recommendation of work release.

We conclude that the trial court erred in accepting Grier's guilty plea, implicitly accepting the plea agreement, while deviating from the terms of the agreement inducing the plea.

---

[3] Ind. Code § 35-50-2-7.

Reversed and remanded with instructions that the trial court amend the sentencing order to comply with the plea agreement.

NAJAM, J., and BARNES, J., concur.