Cathy **COKER**, Appellant,

v.

**STATE** of Indiana, Appellee.

No. 384S111.

Supreme Court of Indiana.

Nov. 20, 1986.

Rehearing Denied Feb. 5, 1987.

Susan K. Carpenter, Public Defender, Sheila K. Zwickey, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

In April of 1982, appellant pled guilty to the offenses of Criminal Confinement, a Class B felony, and Robbery, a Class C felony. She received concurrent sentences of fifteen (15) years and five (5) years respectively. Appellant now appeals the denial of her Petition for Post-Conviction Relief.

Appellant filed a Motion to Enter a Plea of Guilty, which motion was accompanied by a written plea bargain agreement. At a hearing held on April 21, 1982, the information was amended to reflect the charges to which appellant wished to plead guilty. The court accepted her plea of guilty. On May 3 the court sentenced appellant pursuant to the terms of the plea agreement.

Appellant's post-conviction petition was filed on May 11, 1983. Her subsequent motion to amend the petition was granted on September 19. In the amended petition, appellant alleged that she was not properly advised of her rights prior to the entry of her guilty plea and that she was denied her state and federal constitutional rights to due process of law and effective assistance of counsel. Following an evidentiary hearing held on September 23, the trial court on January 3, 1984, entered an order denying the requested relief.

Appellant argues the trial court erred in failing to enter specific findings of fact and conclusions of law on all the issues presented by her petition. She contends, and the State agrees, that the case should be remanded for the entry of specific findings.

A post-conviction court is required to enter specific findings of fact and conclusions of law. Ind.R.P.C.R. 1, § 6; *Robinson v. State* (1986), Ind., 493 N.E.2d 765. The trial court entered the following order: "The Court finds the issues raised by Defendant to be without merit. The Petition is accordingly denied."

The order is conclusory and clearly does not specifically address the issues raised in appellant's petition. In similar circumstances we have remanded for further findings. *See, e.g., Taylor v. State* (1985), Ind., 472 N.E.2d 891; *Cabell v. State* (1980), 274 Ind. 683, 414 N.E.2d 293. We have also determined, however, that where the facts underlying a petitioner's claims are not in dispute and the issues are

sufficiently presented for review, such action is not necessary. *Robinson, supra; Lowe v. State* (1983), Ind., 455 N.E.2d 1126.

In the instant case the issues are sufficiently clarified for review, despite the parties' contentions that there is conflicting evidence on the effective assistance of counsel issue. We therefore deem the trial court's failure to enter specific findings of fact and conclusions of law to be harmless error and deny the request to remand for further findings.

Appellant claims her guilty plea was not entered knowingly, intelligently and voluntarily because the trial judge failed to advise her of the possibility of consecutive sentences and of the elements of the offenses charged and failed to establish a factual basis, all as required by Ind. Code §§ 35–4.1–1–3 and 4 (repealed and recodified at Ind.Code §§ 35–35–1–2 and 3).

■ This Court recently held in *White v. State* (1986), Ind., 497 N.E.2d 893, that a post-conviction petitioner who merely establishes that the trial judge failed to give an advisement in accordance with the guilty plea statute has not met his burden of proof. The petitioner must plead specific facts from which the trier of fact could conclude, by a preponderance of the evidence, that the trial judge's failure to make a full inquiry in accordance with the statute rendered the decision to plead guilty involuntary or unintelligent. In addressing a claim that a guilty plea was not entered voluntarily and intelligently, we will review the entire record, including the written plea agreement, the transcript of the sentencing and any further evidence presented at the post-conviction hearing. *Id.*

■ While Ind. Code § 35–4.1–1–3(a) requires that a defendant entering a plea of guilty understand "the nature of the charge against him," the statute does not, as appellant contends, require that the defendant understand the elements of that charge. It is apparent from the record that appellant did understand the charges against her. Her guilty plea motion stated: "I have received a copy of the information,

have read and discussed it with my attorney and believe I understand every accusation made against me in this case." The court discussed with appellant the changes made in the information to reflect the reduced charges set out in the plea agreement, after which she stated that she understood why the changes had been made. During the sentencing hearing, at which the court readvised appellant of her rights and afforded her an opportunity to withdraw her plea, appellant stated that she understood she was pleading guilty to the robbery and confinement of the victim.

■ It is also apparent from the record that a sufficient factual basis was established. At the guilty plea hearing appellant stipulated to the State's offer of the probable cause affidavit to show the factual basis of the plea. During the sentencing hearing appellant admitted she struck the victim and took his wallet.

■ Although the record is silent regarding appellant's understanding of the possibility of consecutive sentences, appellant has not shown that had she been so informed she would not have pled guilty. The impact of such knowledge on her decision-making would have been negligible at best. The plea agreement provided for concurrent sentences. The court sentenced appellant accordingly, as it was compelled to do upon accepting the guilty plea. *See Griffin v. State* (1984), Ind., 461 N.E.2d 1123. In sum, appellant has failed to show that her guilty plea was not voluntarily and intelligently entered.

Appellant's final contention is that she was denied her constitutional rights because the prosecution changed its original offer of a ten year sentence for the criminal confinement count.

On November 16, 1981, the trial court appointed Allen Demkovich as pauper counsel. Two weeks later a trial date of February 1, 1982, was set. Shortly thereafter, the State offered a ten year sentence on the confinement count in exchange for a plea of guilty. On February 23, 1982, appellant's codefendant pled guilty and

agreed to testify against her. Demkovich discussed the change of events with appellant, who authorized him to accept the State's offer. Upon tendering her acceptance to the prosecutor, Demkovich was informed that the ten year sentence was no longer acceptable and that the offer was now for a fifteen year sentence.

The issue of the changed offer was addressed at the sentencing hearing. The prosecutor insisted that the original offer had been open only until February 1, the original trial date. He also stated that appellant had initially rejected that offer. Demkovich, on the other hand, maintained that no termination date had been discussed. At the post-conviction hearing, appellant testified that when Demkovich first informed her of the offer she asked him to bargain for "something lower," although she contended that she never specifically rejected the prosecution's offer.

Appellant presents alternative arguments to support her contention that she was denied her constitutional rights. She argues that: 1) if there was in fact no termination date, the State denied her the right to accept the original offer; and 2) if there was a deadline, Demkovich was ineffective in his representation due to his failure to properly advise her of all the conditions and terms of the offer.

■ Both arguments are unavailing. As alluded to above, the fact that there is conflicting evidence as to whether the offer was conditional upon acceptance before the original trial date is of no moment. The prosecution's withdrawal of the original offer does not implicate appellant's due process rights.

■ A criminal defendant has no constitutional right to engage in plea bargaining. *United States v. Herrera* (9th Cir.1981), 640 F.2d 958. A prosecutor is under no duty either to plea bargain at all or to keep an offer open, as the offer remains within the discretion of the prosecutor. *United States v. Pleasant* (11th Cir.1984), 730 F.2d 657, *cert. denied,* 469 U.S. 869, 105 S.Ct. 216, 83 L.Ed.2d 146.

In *Mabry v. Johnson* (1984), 467 U.S. 504, 104 S.Ct. 2543, 81 L.Ed.2d 437, the United States Supreme Court held that a defendant's acceptance of the prosecutor's proposed plea bargain does not create a constitutional right to have the bargain specifically enforced. As stated by the Court,

"A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution." *Id.* at 507–08, 104 S.Ct. at 2546, 81 L.Ed.2d at 442.

Thus even an immediate acceptance of the original offer by appellant would have created no right to have that bargain specifically enforced. The prosecution was under no duty to keep the offer open.

■ Appellant has also failed to show that she was denied effective assistance of counsel. Demkovich informed her of the original offer, which by her own admission she did not immediately accept, but instead instructed Demkovich to bargain further. Only after her codefendant pled guilty and agreed to testify did appellant attempt to tender her acceptance. She does not contend that counsel misled her as to the terms of the plea bargain which she submitted to the court or that the plea she entered was otherwise involuntary due to the errors or omissions of counsel. Appellant has not presented sufficient evidence to show counsel performed below the standard set out in *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674, which the Supreme Court has recently held to be applicable to challenges to guilty pleas based on ineffective assistance of counsel. *Hill v. Lockhart* (1985), 474 U.S. ——, 106 S.Ct. 366, 88 L.Ed.2d 203.

The trial court is in all things affirmed.

PIVARNIK, SHEPARD and DICKSON, JJ., concur.

DeBRULER, J., dissents.