STATE of Indiana, Appellant,

v.

Fred C. SANDERS, Appellee.

No. 49S02–9207–PC–563.

Supreme Court of Indiana.

July 20, 1992.

Jeffrey Modisett, Marion County Prosecutor, A. Frank Gleaves, III, Deputy Pros. Atty., Linley E. Pearson, Atty. Gen., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellant.

Douglass R. Shortridge, Indianapolis, for appellee.

ON PETITION TO TRANSFER

KRAHULIK, Justice.

The State of Indiana (Appellant–Respondent below) petitions this Court to accept transfer of this case after the Court of Appeals affirmed the trial court's grant of Fred Sanders' (Appellee–Petitioner below) petition for post-conviction relief. The issue presented is whether the trial court's grant of relief setting aside Sanders' guilty plea is clearly erroneous because it is not supported by the evidence. We decide this issue in the State's favor and, therefore, reverse the order of the trial court and remand to the trial court with directions to deny Sanders' petition.

In August 1988, Sanders admittedly shot and killed an Indianapolis police officer, Matthew Faber, after Faber had forced entry into Sanders' house and after he had identified himself as a police officer. As a result of this killing, the State charged Sanders with murder and sought the death penalty. Additionally, he was charged with two counts of attempted murder and one count of resisting law enforcement resulting in bodily injury. The State later dismissed the death penalty count and proceeded toward trial on the other four charges. Prior to trial, on January 31, 1989, Sanders pled guilty to involuntary manslaughter in exchange for the State's dismissal of all other charges. He was never formally charged with involuntary manslaughter, but pled guilty to involun-

tary manslaughter as a lesser-included offense of murder. Following a pre-sentence investigation, Sanders was sentenced to a term of seven years imprisonment.

Subsequently, on October 24, 1990, Sanders filed a verified petition for post-conviction relief in which he alleged that his plea of guilty to involuntary manslaughter was not knowingly, voluntarily, or intelligently made because "neither the State of Indiana, the Court, nor my counsel, furnished me in writing or read to me an information setting out the crime to which I was pleading guilty." Additionally, Sanders alleged in his petition that "neither the State of Indiana, the Court, nor my counsel, informed me the [sic] necessary elements for any such underlying crime." The remainder of Sanders' petition alleged that he had never deviated from the defense that he was acting in self-defense. The petition also detailed conversations with Sanders' trial attorney in which he allegedly advised Sanders that he should accept the plea bargain and plead guilty to involuntary manslaughter. His petition further alleged that his counsel advised him to enter such a plea because counsel was not ready to try the murder charge and because Sanders was, in fact, guilty of involuntary manslaughter in that he had acted recklessly in causing the death of Faber. Sanders finally alleged in the petition that he was never advised of the legal definition of "reckless" or "recklessly", and that had he been so advised, he would not have pleaded guilty.

At the hearing on the petition, Sanders' counsel stated to the court his theory of the case which, in effect, was that the guilty plea should be set aside because at the time of the guilty plea hearing there was no charging document (either information or indictment) that charged Sanders with involuntary manslaughter. Sanders' legal premise was that, as a matter of law, a defendant cannot knowingly enter into a guilty plea to the charge of involuntary manslaughter unless there is an information or indictment charging him with the crime of involuntary manslaughter.

In support of that position, Sanders testified and was asked a total of eight questions. During his examination, he identified himself and his petition for post-conviction relief. Counsel then offered the petition into evidence. The State objected on the grounds that the petition simply constituted a pleading in the case and, therefore, should not be considered as evidence in the case. In response to that objection, Sanders' attorney replied as follows:

> Simply, your honor, *it is not for the truth of the matters stated* because there has been an answer and certain denials simply for the record of this proceeding introducing it in evidence as in effect the Petitioner Complaint by petitioner *and again not for the truth of the matters stated....*

(Emphasis added.) With that understanding, the State no longer objected and the court admitted the petition into evidence. Additionally, the court admitted the plea agreement, as well as the State's answers to interrogatories and requests for admission, and the transcript of the guilty plea hearing. Sanders rested without any additional testimony on his part other than identifying the documents set forth above. The State called no witnesses.

In granting the petition for post-conviction relief, the trial court quoted at length from Sanders' petition and found that the allegations contained in Sanders' petition were true and correct, and that he was not advised of the charge against him or of the specific elements of the offense to which he pled guilty. The Court of Appeals affirmed in spite of the State's argument that Sanders did not provide testimony necessary to establish the claims contained within his petition. 587 N.E.2d 166. The Court of Appeals noted that Sanders' verified petition was entered into evidence at the post-conviction hearing, and, citing *State v. Keith* (1985), Ind.App., 482 N.E.2d 751, that the post-conviction court's judgment could rest on Sanders' verified petition alone. We disagree.

The crux of the problem presented in this case is that the verified petition was admitted into evidence *for a limited purpose,* and was specifically not being admitted into evidence for the truth of the matters contained within the petition. After admitting the petition into evidence with the

understanding that it was not being admitted for the truth of the matters contained within the petition, the trial court erroneously considered the petition as if the petition had been admitted into evidence to prove the truth of the allegations contained therein. The Court of Appeals affirmed the trial court's judgment by committing the same error, viz. relying on evidence admitted for a limited purpose and not for the truthfulness of the facts alleged in order to support findings of fact. Both the trial and appellate courts were incorrect in utilizing the petition in this manner.

The Court of Appeals' reliance on *State v. Keith*, 482 N.E.2d 751, is misplaced. In *State v. Keith*, the Court of Appeals affirmed the trial court's dismissal of a felony charge based on principles of double jeopardy. The Court of Appeals relied, in part, on facts alleged in Keith's verified motion to dismiss. In support of this reliance the court said:

> In reviewing a related matter, our supreme court recently held that pleadings prepared by a defendant under oath and relied upon by the trial court *and the parties as evidence* could be considered as evidence by this court upon review even though the pleadings were never formally entered into evidence. *State v. Cleland* (1985), Ind., 477 N.E.2d 537.

482 N.E.2d at 754 (emphasis added). An examination of *State v. Cleland* (1985), Ind., 477 N.E.2d 537, leads us to conclude that the holding of that three-to-two opinion must be confined to the circumstances of that case and cannot be extended to stand for the proposition that a verified pleading admitted into evidence for a limited purpose, and not for the truth of the matters stated therein, may constitute evidence of the facts alleged in such pleading. This Court in *Cleland* explicitly so limited its holding, over the dissent of Justices Pivarnik and Givan, when it stated:

> We hold that inasmuch as the petitions were verified, *absent a timely objection by the State* and *under the circumstances* of this case, the court could properly consider them as evidence.

*Id.* at 538 (emphasis added). In order, however, that future courts not be misled by the holding in *Cleland*, we state that the better reasoned rule of law is that which Justices Pivarnik and Givan set forth in their dissent when they stated that a plaintiff cannot "maintain his position by pleading under oath and then resting on that pleading." 477 N.E.2d at 539. Thus, we hold that neither *Cleland* or *Keith* permitted either the trial court or the appellate court to rely on Sanders' petition as evidence of the facts alleged therein.

█ The prejudice to the State is apparent. Because the Sanders petition was not being admitted for the truth of the allegations recited in the petition, the State did not cross-examine Sanders or call Sanders' trial counsel in an attempt to refute or impeach the facts alleged in the petition. A new hearing on Sanders' petition for post-conviction relief would be required to allow the State the opportunity to rebut the claims made by Sanders in his petition. The State, however, argues that, absent the allegations of fact contained in the petition, the evidence is insufficient to establish that Sanders' guilty plea was not knowing, voluntary, or intelligent. Therefore, the State urges that he failed to prove his case and his petition must be denied. We agree.

█ When Sanders pled guilty to involuntary manslaughter, he was pleading guilty to a lesser-included offense of the crime of murder. *Jewell v. State* (1989), Ind., 539 N.E.2d 959. No separate information or indictment was necessary in order to put Sanders on notice of the charges. See, for example, *DeVillez v. State* (1981), 275 Ind. 263, 416 N.E.2d 846, in which this Court held that a plea to second degree murder did not require a separate and distinct charge of second degree murder. The court said:

> At the plea stage second degree murder is a necessarily included offense within a charge of first degree murder.... Therefore, her knowledge of the true nature of the greater offense necessarily supplies sufficient knowledge of the true nature of the lesser and included offense of second degree murder.

*Id* 416 N.E.2d at 849.

The evidence is undisputed that during the guilty plea hearing, the State read the

statutory definition of involuntary manslaughter to Sanders. Also, the probable cause affidavit previously filed in the case was read to Sanders. This affidavit set out in detail the facts surrounding the killing. Following the reading of the statute and probable cause affidavit, Sanders was then asked specifically if he was pleading guilty to the crime charged. He replied in the affirmative. Additionally, when asked why he felt he was guilty of involuntary manslaughter, Sanders demonstrated an understanding of the nature of the charge when he answered that he recklessly pointed a shotgun at Faber. This undisputed evidence from the transcript of the guilty plea hearing satisfies the constitutional requirement set forth in *Henderson v. Morgan* (1976), 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108, that Sanders was aware of the elements of the offense of involuntary manslaughter when he pled guilty. *See DeVillez*, 416 N.E.2d 846. Absent his verified petition, which was admitted not for the truth of the matters stated, but merely to set forth the allegations of his claim, there is not sufficient evidence to support the trial judge's determination that his plea was not knowingly, voluntarily and intelligently entered. Thus, the trial court's findings of fact were clearly erroneous and must be set aside. And, without those findings of fact, the judgment granting Sanders' petition must be reversed and remanded to the trial court with instructions to deny the petition.

### Conclusion

Accordingly, we grant the State's Petition to Transfer, vacate the opinion of the Court of Appeals, reverse the trial court and remand this matter to the trial court to deny the petition for post conviction relief.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.