**Larry T. ENGLAND, Appellant–
Petitioner Below,**

v.

**STATE of Indiana, Appellee–
Respondent Below.**

**No. 49A02–9301–PC–34.**

Court of Appeals of Indiana,
Third District.

Dec. 16, 1993.

Rehearing Denied Feb. 22, 1994.

Susan K. Carpenter, Public Defender, Stephen T. Owens, Deputy Atty. Gen., Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Mary Dreyer, Deputy Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Larry England appeals the denial of his petition for post-conviction relief subsequent to his plea of guilty to attempted murder, a class A felony,[1] and robbery, a class A felony.[2] He presents two (restated) issues for our review:

I.    Whether England's guilty pleas were entered knowingly, intelligently, and with knowledge of the nature of the charges.

II.   Whether England's convictions for attempted murder and robbery constituted double jeopardy.

---

1. IND.CODE 35–41–5–1 (1988); IND.CODE 35–42–1–1 (Supp.1992).

2. IND.CODE 35–42–5–1 (1988).

We affirm in part, reverse in part, and remand.

England's convictions stem from the robbery of a grocery store during which England took money from a cashier at gunpoint. England also shot and wounded a customer who tried to stop England from leaving the store with the money. England entered a plea agreement with the State, pursuant to which he pled guilty to class A felony robbery and attempted murder. He was thereafter sentenced to forty years on each count, to run concurrent with each other.

■ Under the rules of post-conviction relief, the petitioner must establish the grounds for relief by a preponderance of the evidence. Ind. Post–Conviction Rule 1, § 5; *St. John v. State* (1988), Ind.App., 529 N.E.2d 371, 374, *trans. denied.* Thus, to succeed on appeal from the denial of his petition, the petitioner must show that the evidence is without conflict and leads only to a conclusion opposite that of the trial court. *Id.*

## I.

### *Guilty Plea*

■ England contends his guilty plea was not entered knowingly and intelligently because he was not advised that the State would have to prove at trial that England had the specific intent to kill the customer when England shot him. On review, we look at all the evidence before the post-conviction court. If the evidence exists to support the court's determination that the guilty plea was voluntary, intelligent and knowing, we will not reverse. *White v. State* (1986), Ind., 497 N.E.2d 893.

We begin by noting that, although a guilty plea hearing and sentencing hearing were held, transcripts thereof were not introduced into evidence at the post-conviction hearing. Thus, the evidence presented to the post-conviction court was insufficient to meet England's burden of proving that the trial court's advisement was inadequate.

Notwithstanding the absence of the transcripts, we conclude there is evidence in the record to support the post-conviction court's determination that England's guilty pleas were knowing and intelligent. England's trial counsel testified at the post-conviction hearing that he and England discussed at length the elements of attempted murder and robbery before the guilty pleas were entered. Too, Indiana Code 35–35–1–2(a) (1988) (formerly Ind.Code 35–4.1–1–3(a)) requires that a defendant entering a guilty plea understands the nature of the charge against him; it does not require that the defendant understands the elements of that charge. *Coker v. State* (1986), Ind., 499 N.E.2d 1135, 1137, *reh. denied.*

## II.

### *Double Jeopardy*

■ Next, England argues his convictions and sentences for both robbery and attempted murder place him in double jeopardy because the act of shooting the customer was used to sustain the attempted murder charge and to elevate the robbery charge to a class A felony. We agree. Our supreme court has opined that it is impermissible to sentence a defendant to a higher class of the felony based upon the factor of causing bodily injury or serious bodily injury when the defendant has been separately convicted and sentenced for murder or attempted murder based upon the same injury to the same victim. *King v. State* (1988), Ind., 517 N.E.2d 383, 385; *Bevill v. State* (1985), Ind., 472 N.E.2d 1247, 1254.

Here, the sole basis upon which the robbery charge was elevated to a class A felony was the bodily injury sustained by the customer when he was shot by England. This same act of shooting also served as the basis for England's conviction for attempted murder. "To impose punishment for the same injurious consequences sustained by the same victim and inflicted by appellant's singular shooting is violative of both federal and state double jeopardy prohibitions." *Malott v. State* (1985), Ind., 485 N.E.2d 879, 886. Thus,

England's convictions and sentences for attempted murder and class A robbery cannot stand.

Accordingly, this cause is remanded to the trial court with instructions to vacate the conviction and sentence for class A felony robbery and to enter a conviction and presumptive sentence for class B felony robbery.[3] In all other respects, the denial of England's petition for post-conviction relief is affirmed.

Affirmed in part, reversed in part, and remanded.

HOFFMAN and RUCKER, JJ., concur.

---

**3.** Because the sentence that will be imposed on remand for the robbery conviction will be less than that agreed to by England in the plea agreement, we believe it is not necessary to afford England the opportunity to withdraw his guilty plea in light of the sentencing error. *Cf. Niece v. State* (1983), Ind.App., 456 N.E.2d 1081 (where the suspension of a sentence entered pursuant to a plea agreement is deemed illegal and is ordered to be revoked on remand, the defendant must be afforded the opportunity to withdraw his guilty plea before the trial court imposes the proper sentence).