Robert J. PARKS, Jr., Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Plaintiff.

No. 50A05–9405–PC–172.

Court of Appeals of Indiana, Fifth District.

Feb. 20, 1995.

Transfer Denied April 26, 1995.

Susan K. Carpenter, Public Defender, Richard Denning, Deputy Public Defender, Indianapolis, for appellant.

Pamela Carter, Atty. Gen., Cynthia L. Ploughe, Deputy Atty. Gen., Indianapolis, for appellee.

RUCKER, Judge.

■ Robert Parks, Jr. appeals the partial denial of his petition for post-conviction relief, raising two issues for our review: 1) whether the trial court committed fundamental error when it instructed the jury on the elements of attempted murder, and 2) whether Parks received ineffective assistance of both trial and appellate counsel. Because the first issue is dispositive, we address it only.

On May 31, 1985, the State filed a nine-count information charging Parks with attempted murder along with various other felony and misdemeanor offenses.[1] After a jury trial Parks was convicted on all counts and ultimately sentenced to a total of thirty years' imprisonment. His convictions were affirmed by our supreme court in *Parks v. State* (1987), Ind., 513 N.E.2d 170. Parks subsequently filed a petition for post-conviction relief raising several allegations of error. In response the post-conviction court vacated Parks's convictions for Criminal Recklessness, Possession of Stolen Property, and Resisting Law Enforcement as a Class D felony. In all other respects the petition was denied. This appeal ensued in due course.

■ Parks contends now as he did before the post-conviction court that the trial court erred when it gave the jury the following instructions on attempted murder:

\*    \*    \*    \*    \*    \*

A person who knowingly or intentionally kills another human being, commits murder, a felony.

\*    \*    \*    \*    \*    \*

*Trial Record* at 159.

(a) A person attempts to commit a crime when, acting with the culpability required for commission of the crime, he engages in conduct that constitutes a substantial step toward commission of the crime. An attempt to commit a crime is a felony or misdemeanor of the same class as the crime attempted. However, an attempt to commit murder is a Class A felony. (b) It is no defense that, because of a misapprehension of the circumstances, it would have been impossible for the accused person to commit the crime attempted.

\*    \*    \*    \*    \*    \*

*Trial Record* at 160.

The crime[ ] of Attempted Murder ... [is a] specific intent crime[ ]. Specific intent, as the term implies, means more than the general intent to commit the act. To establish specific intent, the state must prove, beyond a reasonable doubt, that the Defendant knowingly or intentionally committed an act thereby violating the law prohibiting the crime[ ] of Attempted Murder. . . .

*Trial Record* at 183. Parks did not object to the foregoing instructions, but citing *Spradlin v. State* (1991), Ind., 569 N.E.2d 948, claims fundamental error occurred because the element of "intent to kill" is absent. In that case our supreme court determined:

Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged

---

1. Specifically, Parks was charged with Count I Attempted Murder, a Class A felony, Count II Criminal Recklessness as a Class D felony, Count III Battery as a Class D felony, Count IV Theft as a Class D felony, Count V Possession of Stolen Property as a Class D felony, Count VI Resisting Law Enforcement as a Class A misdemeanor, Count VII Resisting Law Enforcement as a Class D felony, Count VIII Driving While Intoxicated as a Class A misdemeanor, and Count IX Driving While Suspended, a Class A misdemeanor.

in conduct which was a substantial step toward such killing.

*Id.* at 950. The State takes issue with Parks's reliance on *Spradlin* and contends it imposed a stricter burden than the one existing at the time this case was tried. Thus, according to the State, in order for *Spradlin* to apply here, it would have to be given retroactive application, which the supreme court did not intend as can be seen by the use of the word "henceforth."

Our Supreme Court rejected a similar argument in the recent case of *Simmons v. State* (1994), Ind., 642 N.E.2d 511. The court indicated:

> The State in opposition to Simmons's petition to transfer places great weight on our use of "Henceforth," arguing that it shows we intended that *Spradlin* not apply retroactively and therefore not to this case. We were, however, simply attempting to eliminate any *future confusion* about what the law *already was* at the time we decided *Spradlin.*

*Id.* at 513 (emphasis added). The *Simmons* court makes clear that at least since 1984, two years before Parks's trial, the law in this jurisdiction required that a jury instruction inform the jury that "the act must have been done with the specific intent to kill." *Id.* quoting *Smith v. State* (1984), Ind., 459 N.E.2d 355, 358.

In this case as in *Spradlin* and *Smith* the element of "intent to kill" is lacking in the instructions. Thus, the instructions are erroneous. If Parks had objected at trial and his own correct instruction had been refused, then reversible error would have followed. However, neither of these two events occurred. Therefore, reversal in this case must be based on a determination of whether the the trial court committed fundamental error.

■ Fundamental error results from the giving of an attempted murder instruction where the instructions as a whole fail to instruct on the element of specific intent. *Beasley v. State* (1994), Ind., 643 N.E.2d 346. Fundamental error may be avoided where the charging information or other instructions inform the jury that in order to convict, it must find that the defendant was "attempting to kill" the victim at the time of the attack. *Jackson v. State* (1991), Ind., 575 N.E.2d 617, 621. Here, as part of the trial court's final instructions the court read to the jury a portion of the charging information which dictated in pertinent part:

> Robert J. Parks, Jr. did knowingly or intentionally attempt to commit the crime of murder by *attempting to shoot and kill* Trooper Mark Grose ... with a shotgun, which conduct constituted a substantial step toward the commission of said crime of murder....

*Trial Record* at 156 (emphasis added). At first glance, it may appear that no fundamental error occurred in this case because the charging information contains the language "attempting to kill." Indeed, in *Jackson,* 575 N.E.2d at 621 our supreme court found no fundamental error where the jury was so instructed. *See also Allen v. State* (1991), Ind., 575 N.E.2d 615, *cert. denied,* (1994), ——— U.S. ———, 114 S.Ct. 1106, 127 L.Ed.2d 417. Various decisions of this court have followed the rule in *Jackson* and refused to reverse a conviction based on fundamental error where an instruction contained similar language. *Lingler v. State* (1994), Ind.App., 640 N.E.2d 392, *summarily aff'd in part,* (1994), Ind., 644 N.E.2d 131, *trans denied; Wilson v. State* (1993), Ind.App., 611 N.E.2d 160; *see also Holland v. State* (1993), Ind.App., 609 N.E.2d 429, 432. However, an examination of the facts in the foregoing cases shows that intent was not a primary issue at trial. For example, in *Jackson,* 575 N.E.2d at 621, the court determined there was no fundamental error specifically because (1) the instructions included the "attempting to kill" language, and (2) "[t]he issue at the center of the trial was whether Jackson was the gunman, not whether the gunman intended to kill [the victim].... " *Id.* at 621.

■ In the case before us the defendant's intent, when he pointed a shotgun at the arresting officer, was *the* central issue at trial. Parks testified on his own behalf and insisted (a) he was too intoxicated to form an intent to kill, and (b) he had a "death wish" and was thus taunting the officer in order to provoke the officer to shoot him. The record

also shows the trial court read a jury instruction on the defenses of intoxication, and during closing argument defense counsel argued Parks's lack of intent. Recently, in *Wilson v. State* (1994), Ind., 644 N.E.2d 555, our supreme court concluded that an "attempting to kill" instruction was insufficient to cure an otherwise erroneous instruction in part because the defendant's intent was a principal issue in the case. 644 N.E.2d at 556. We reach the same conclusion here. Because Parks's intent was the principal issue at trial, the "attempting to kill" instruction was insufficient to convey to the jury that in order to convict Parks of attempted murder it must find that he had the specific intent to kill the victim. Fundamental error occurred in this case and therefore the judgment of the post-conviction court must be reversed. We grant Parks's petition for post-conviction relief, and remand this cause to the original trial court for a new trial on attempted murder.

Judgment reversed and cause remanded.

SHARPNACK, C.J., and FRIEDLANDER, J., concur.