Jimmie HOWSE, Appellant–Petitioner,

v.

STATE of Indiana, Appellee–Respondent.

No. 49A02–9603–PC–164.

Court of Appeals of Indiana.

Oct. 25, 1996.

Transfer Denied Jan. 8, 1997.

442

Susan K. Carpenter, Public Defender, Anne Murray Burgess, Deputy Public Defender, Indianapolis, for appellant–petitioner.

Pamela Carter, Attorney General, Cynthia L. Ploughe, Deputy Attorney General, Indianapolis, for appellee–respondent.

## OPINION

KIRSCH, Judge.

Jimmie Howse pled guilty to attempted murder,[1] a Class A felony. In this appeal from the denial of his petition for post-conviction relief, Howse claims that he did not plead guilty knowingly, intelligently, and voluntarily because he did not understand that the State had to prove that he acted with the specific intent to kill.

We affirm.

1. *See* IC 35–41–5–1 (attempt); IC 35–42–1–1 (murder).

## FACTS AND PROCEDURAL HISTORY

On June 4, 1988, Howse got into an argument with John Leeper concerning ten dollars that Leeper claimed Howse owed him. When Howse refused to pay Leeper, Leeper kicked him in the leg. The two began to fight, and Howse struck at Leeper with a wine bottle. Area residents separated the fighting men and held them away from each other until Howse broke free. Howse ran to his car where he obtained a gun. Howse fired one shot in the direction of Leeper and the area residents. The shot did not hit anyone, and Leeper and the others began to run away. Howse then fired a second shot which struck Leeper in the lower left abdomen. Howse then fled the scene.

Howse was charged with attempted murder and possession of a handgun with an obliterated serial number.[2] Pursuant to a written agreement with the State, Howse pled guilty but mentally ill to attempted murder, and the State dismissed the remaining charge. On June 13, 1990, Howse filed a petition for post-conviction relief, pro se, which was amended by counsel on August 17, 1995. Howse appeals the post-conviction court's denial of relief.

## DISCUSSION AND DECISION

When seeking post-conviction relief, the petitioner has the burden of establishing the grounds for relief by a preponderance of the evidence. Ind.Post–Conviction Rule 1(5); *Weatherford v. State*, 619 N.E.2d 915, 917 (Ind.1993). The post-conviction court is the sole judge of the weight of the evidence and of witness credibility. *Powers v. State*, 579 N.E.2d 81, 82–83 (Ind.Ct.App. 1991), *trans. denied.* The court's denial of Howse's petition is a negative judgment. *See Holmes v. State*, 591 N.E.2d 594, 595 (Ind.Ct.App.1992), *trans. denied.* Thus, to succeed on appeal, Howse must show that the evidence is without conflict and leads only to a conclusion different from that reached by the post-conviction court. *See Lyons v. State*, 600 N.E.2d 560, 563 (Ind.Ct. App.1992).

2. *See* IC 35–47–2–18; IC 35–47–2–23.

■ Before a trial court may accept a guilty plea, it must determine that the defendant understands the nature of the charge against him. IC 35–35–1–2(a)(1).[3] The issue before us is whether a defendant pleading guilty to attempted murder must understand that the offense requires proof that the defendant acted with the specific intent to kill. Howse argues that without an understanding of the intent element, he did not understand the nature of the charge as required by IC 35–35–1–2(a)(1).

Howse relies on *Spradlin v. State*, 569 N.E.2d 948 (Ind.1991), in which our supreme court pronounced:

"Henceforth, we hold that an instruction which purports to set forth the elements which must be proven in order to convict of the crime of attempted murder must inform the jury that the State must prove beyond a reasonable doubt that the defendant, with intent to kill the victim, engaged in conduct which was a substantial step toward such killing."

569 N.E.2d at 950. The jury in *Spradlin* was not instructed that the State was required to prove that the defendant acted with the specific intent to kill. For this reason the defendant's attempted murder conviction was reversed. *Id.* at 950–51. A host of subsequent cases have reached the same conclusion. *See, e.g., Greer v. State*, 643 N.E.2d 324 (Ind.1994); *Beasley v. State*, 643 N.E.2d 346 (Ind.1994); *Parks v. State*, 646 N.E.2d 985 (Ind.Ct.App.1995), *trans. denied.*

Howse recognizes that all of the cases addressing the intent requirement have involved a jury instruction on the offense of attempted murder. No case has required that a defendant pleading guilty to attempted murder be given a similar explanation. Nonetheless, Howse contends that *Spradlin* and subsequent cases are instructive on the elements of attempted murder, and that a guilty plea defendant must be "fully informed of the elements of the charge to which he is pleading guilty in order to make a knowing and intelligent plea." *Appellant's Brief* at 20.

■ Indiana precedent is clear that a defendant need not be advised of each element of the charge at the time he pleads guilty. *DeVillez v. State*, 275 Ind. 263, 267, 416 N.E.2d 846, 849 (1981); *Davis v. State*, 418 N.E.2d 256, 257–58 (Ind.Ct.App.1981). Indiana precedent is not as clear as to whether a defendant must understand each element of the charge at the time he pleads guilty.

Our supreme court has taken differing positions on whether a defendant's understanding of each element of an offense is required to render a plea knowingly, intelligently, and voluntarily made. In *DeVillez*, the court rejected the defendant's contention that a specific advisement of each element of an offense was required to satisfy the statutory mandate that a guilty plea defendant understand the nature of the offense. 275 Ind. at 267, 416 N.E.2d at 849. In so doing, however, the court noted that a defendant's voluntary admission of each element of the offense was one method of establishing that he understands the nature of the offense. *Id.*

The court subsequently decided in *Coker v. State*, 499 N.E.2d 1135 (Ind.1986), that IC 35–4.1–1–3(a), the predecessor of IC 35–35–1–2(a), requires only that the defendant understand the nature of the charge against him; it does not require that the defendant understand the elements of that charge. 499 N.E.2d at 1137.[4] *DeVillez* was not cited by the court in *Coker*.

More recently, the supreme court decided *State v. Sanders*, 596 N.E.2d 225 (Ind.1992), *cert. denied*, 507 U.S. 960, 113 S.Ct. 1385, 122 L.Ed.2d 760 (1993), in which the defendant was charged with, among other things, murder and attempted murder. He pled guilty to the lesser included offense of involuntary manslaughter. The supreme court held there was sufficient evidence to establish that the defendant's plea was made knowingly,

---

**3.** IC 35–35–1–2(a)(1) provides that "The court shall not accept a plea of guilty or guilty but mentally ill at the time of the crime without first determining that the defendant ... [u]nderstands the nature of the charge against him[.]"

**4.** This court reached the same conclusion in *England v. State*, 625 N.E.2d 1264, 1265 (Ind.Ct.App. 1993), *trans. denied* (1994), in which we relied on *Coker.*

intelligently, and voluntarily. The court based its holding on the fact that:

> "Th[e] undisputed evidence from the transcript of the guilty plea hearing satisfies the constitutional requirement set forth in *Henderson v. Morgan* (1976), 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108, that Sanders was aware of the elements of the offense of involuntary manslaughter when he pled guilty. *See DeVillez,* 416 N.E.2d 846."

*Sanders,* 596 N.E.2d at 228. The court, in reliance on *DeVillez,* thus recognized a constitutional requirement that the defendant be "aware" of the elements of an offense. As can be seen, the court did not cite *Coker.*

When supreme court precedent is in conflict, we are bound to follow the court's most recent pronouncement on the issue. *See Correll v. State,* 639 N.E.2d 677, 683 (Ind.Ct.App.1994), *reh'g denied.* Here, that is *Sanders,* in which the court recognized that a defendant must be aware of the elements of the charge to which he pleads guilty. The evidence deemed sufficient in *Sanders* to support the finding that the defendant had such awareness was: the defendant was read the statutory definition of involuntary manslaughter; the probable cause affidavit detailing the facts surrounding the killing was read to the defendant; following the reading of the statute and the probable cause affidavit, the defendant affirmatively acknowledged that he was pleading guilty to the crime charged.[5] *Sanders,* 596 N.E.2d at 227–28.

The facts surrounding Howse's guilty plea are sufficiently similar to the facts surrounding Sanders' guilty plea so as to warrant the post-conviction court's finding that Howse's plea was knowingly, voluntarily and intelligently made. Howse told the guilty plea court that he had talked to his attorney concerning the charges against him. Howse also acknowledged receiving a copy of the charging information which he had in his possession during his interchange with the court at the guilty plea hearing. After the court read aloud the allegations contained in the charging information, Howse stated he understood that he was admitting to what the court had read. The prosecutor set forth the factual basis underlying the plea by reading aloud from the probable cause affidavit. Howse's attorney declined to question the State on its evidence. Further, Howse agreed that the State had accurately described what happened. After the State read from the probable cause affidavit, Howse stated that he still wanted to plead guilty.

Included in the factual basis supporting the guilty plea are the following facts: Howse fired one shot at the victim, but missed. While the victim and others then attempted to flee, Howse fired a second shot at the victim, striking him in the abdomen. Howse admitted to this factual basis and does not challenge its adequacy on appeal. The intent to commit murder may be inferred from the deliberate use of a deadly weapon in a manner likely to cause death or great bodily harm. *Allen v. State,* 575 N.E.2d 615, 616 (Ind.1991). Thus, Howse admitted to a factual basis that included evidence supporting the inference that he acted with the requisite intent to kill. Howse's admission to conduct supporting an inference of the requisite intent, coupled with his admissions to the facts constituting the other elements of attempted murder, is sufficient to establish that he understood the nature of the charge against him under the standards set forth by our supreme court in *DeVillez* and *Sanders.* The court explicitly found that Howse understood the nature of the charges against him. Howse has failed to meet his burden that the evidence leads unerringly to a different conclusion.

Howse also claims that his mental illness interfered with his ability to understand the elements of attempted murder.[6]

---

**5.** The defendant also stated in his own words that he was pleading guilty because he recklessly pointed a shotgun at the victim. The fact that Howse did not make any similar admissions does not warrant a holding contrary to *Sanders,* given that all of the other facts the *Sanders* court found dispositive are present in the case before us.

**6.** Howse frames his argument solely in terms of whether he had the ability to understand the intent element of attempted murder. He does not present any argument concerning his competency to understand the proceedings in general.

Prior to the guilty plea hearing, Howse was examined by two psychiatrists at the request of his attorney. One psychiatrist found that while Howse suffered from "mild paranoia," his intellectual capacity was "in the lower part of the average range," and he had "sufficient mental capacity to understan[d] the nature of the charges against him, the proceedings thereon and to assist his attorney in his defense." *Record* at 45. The second psychiatrist determined that Howse had "a paranoid type of illness," that his "intellectual level is within the average range," and that his illness did not "interfere with his comprehension to understand the charges against him and the proceedings thereon, or to interfere with his ability to assist his attorney in his own defense." *Record* at 47. This evidence, contained in the post-conviction court's file of which the judge took judicial notice, establishes that Howse's paranoia did not interfere with his ability to understand the nature of the charge against him, or affect his awareness of the elements of attempted murder. Howse did not present any contrary evidence, and, therefore, has not met his burden of showing that a conclusion opposite of the trial court's is warranted.

Affirmed.

FRIEDLANDER, J., concurs.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

It is clearly established that before a jury may convict of attempted murder it must be instructed that the act was committed with the specific intent to kill. *Spradlin v. State* (1991) Ind., 569 N.E.2d 948. This principle was given retroactive application not only to the Spradlin conviction itself, but in *Simmons v. State* (1994) Ind., 642 N.E.2d 511, was recognized to have retroactive effect in a post-conviction setting. In *Simmons,* the court held the defective attempted murder instruction to constitute fundamental error.

I find it strange indeed that a guilty plea may be accepted without the information as to specific intent required to be given a jury being imparted to the defendant whether by trial court advisement or otherwise. Here

there is no suggestion that Howse was even remotely aware that before he could be convicted of attempted murder the State would have had to prove that when he fired the shot or shots, he did so with the specific intent of killing Leeper.

To the contrary, the fact that the guilty plea hearing was interrupted and continued when the defendant protested his innocence by claiming that he acted in self defense, is of particular moment. It reflects a lack of understanding with regard to the essential elements which the State would have to prove at trial.

The majority cites *Coker v. State* (1986) Ind., 499 N.E.2d 1135 and *State v. Sanders* (1992) Ind., 596 N.E.2d 225, for the proposition that a defendant need only understand the nature of the charge not the elements necessary to prove that charge. Those cases and similar cases did not involve the relative complexity inherent in the crime of attempted murder. *Coker* involved the straight-forward offenses of confinement and robbery. In *Sanders,* although charged with attempted murder, among other counts, the defendant pleaded guilty to involuntary manslaughter as a lesser included offense of murder. Again, a situation not involving the subtleties of the specific intent to kill requirement of an attempted murder charge.

I would hold that the guilty plea was not shown to have been made knowingly or intelligently. I would reverse the denial of post-conviction relief and remand for further proceedings.