

**FILED**

May 26 2015, 9:21 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Valerie K. Boots
Marion County Public Defender Agency
Indianapolis, Indiana

ATTORNEY FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

James B. Martin
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Bobby Dunn,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

May 26, 2015

Court of Appeals Case No.
49A02-1407-CR-470

Appeal from the Marion Superior
Court; The Honorable Lisa Borges,
Judge;
49G04-1311-FC-73907

**May, Judge.**

Bobby Dunn and the State entered into a plea agreement, which the court accepted. Then on the morning of his sentencing hearing, the State moved to withdraw the plea agreement. The court granted the State's motion.

We reverse and remand for sentencing.

## Facts and Procedural History

The State charged Dunn with Class D felony theft,[1] Class D felony attempted theft,[2] and two counts of Class C felony forgery.[3] Because Dunn had charges for which he was to turn himself in to federal authorities, he requested his court appearance be expedited. The court rescheduled Dunn's hearing before his surrender date to the federal authorities.

The State, represented in court by Deputy Prosecutor Jeremy Teipen, and Dunn presented a plea agreement to the court whereby Dunn would plead guilty to theft and the State would dismiss all other pending charges. The agreement was signed for the State by Deputy Prosecutor Kevin E. Kelly, who also signed an affidavit at the end of the agreement indicating he had

> informed the victim and/or the victim's representative of the fact that the State has entered into discussion with defense counsel concerning this agreement and of the contents of the State's recommendation, if any; and, that [Deputy Prosecutor Kelly] will notify the victim and

---

[1] Ind. Code § 35-43-4-2 (2009).

[2] Ind. Code § 35-43-4-2 (2009) and § 35-41-5-1 (2013).

[3] Ind. Code § 35-43-5-2 (2006).

his/her representative of the opportunity to be present when the Court considers the recommendation.

(App. at 26.) On the State's recommendation, the court accepted the plea and found Dunn guilty of theft.

[5] On the day of sentencing, the State, by Deputy Prosecutor Timothy Baldwin, moved to withdraw the plea agreement due to what he characterized as a "mistake in fact," (Tr. at 23), which was that the State had not intended to offer a plea agreement. Dunn objected, asserting the only "mistake" was that the State agents had not communicated well with one another and had differing opinions as to whether a plea should have been offered.

[6] Deputy Prosecutor Baldwin asserted this "mistake" happened because expediting the case at Dunn's request caused the plea to be entered while Deputy Prosecutor Baldwin was not in the office. Deputy Prosecutor Baldwin admitted, however, that the plea terms were "offered by [his] supervisor Mr. Kelly." (*Id.* at 42.) Deputy Prosecutor Baldwin also asserted that, contrary to Deputy Prosecutor Kelly's affidavit, the victim was not notified of the plea or the hearings because neither he nor anyone from his office had had any contact with the victim regarding the plea.

[7] The court found, "While it is true that Mr. Kelly is the supervisor and does have the authority to dispose of Mr. Baldwin's cases. [sic] Even without perhaps Mr. Baldwin's consent, there still is the issue of the notification of the victim." (*Id.* at 46.) Based on the State's assertion the victim's constitutional

rights[4] had not been protected, the court granted the State's motion to withdraw the plea.

# Discussion and Decision

[8] The trial court erred by granting the State's motion to withdraw the plea agreement after the court had accepted it. We review for an abuse of discretion a decision to permit withdrawal of a plea agreement. *Badger v. State*, 637 N.E.2d 800, 802 (Ind. 1994). Reversal for abuse of discretion is appropriate only when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Joyner v. State*, 678 N.E.2d 386, 390 (Ind. 1997), *reh'g denied*.

> Whether to accept or reject a proffered plea agreement is within the discretion of the trial court. *Campbell v. State,* 17 N.E.3d 1021, 1023 (Ind. Ct. App. 2014). Once accepted, however, "If the court accepts a plea agreement, it shall be bound by its terms." I.C. § 35-35-3-3(e). In numerous cases, this Court and our Indiana Supreme Court have held that the binding nature of a court-accepted plea agreement prevents trial courts from revoking such agreements and vacating previously-entered judgments of conviction - even if the defendant has not yet been sentenced.

*Stone v. State*, 27 N.E.3d 341, 343 (Ind. Ct. App. 2015).

---

[4] Article 1 § 13(b) of the Indiana Constitution provides:

> Victims of crime, as defined by law, shall have the right to be treated with fairness, dignity, and respect throughout the criminal justice process; and, as defined by law, to be informed of and present during public hearings and to confer with the prosecution, to the extent that exercising these rights does not infringe upon the constitutional rights of the accused.

[9] The State and Dunn reached a plea agreement and presented it to the court. The trial court accepted it on May 16, 2014, when it found Dunn guilty and scheduled the sentencing hearing. While Dunn had no right to be offered a plea agreement and the State could have withdrawn it at any point prior to acceptance by the court, once it was accepted, the court could not revoke or vacate it. *See Epperson v. State*, 530 N.E.2d 743, 745 (Ind. Ct. App. 1988) (plea agreements are similar to contracts and important due process rights of the defendant are involved; thus, "plea negotiations must accord a defendant requisite fairness and be attended by adequate safeguards which insure the defendant what is reasonably due in the circumstances").

[10] We have, at times, held trial courts have the discretion to revoke plea agreements after judgment was entered. *See, e.g., Beech v. State*, 702 N.E.2d 1132 (Ind. Ct. App. 1998) (plea revoked when defendant stated he was innocent during the sentencing hearing), and *Campbell v. State*, 17 N.E.3d 1021 (Ind. Ct. App. 2014) (plea agreement required defendant to testify, but he did not). Dunn has not asserted he is innocent of the charges, nor has he violated some express term of the agreement. Thus, these exceptions do not apply.

[11] To the extent the trial court permitted withdrawal based on Deputy Prosecutor Baldwin's assertion at the sentencing hearing that the victim had not been notified, any error in the trial court's original acceptance of the plea was invited by the State, as Deputy Prosecutor Kelly's affidavit represented at the guilty plea hearing that the State had, in fact, notified the victim. (See Appellant's App. at 26 (affidavit stating deputy prosecutor had informed victim of plea

discussions with Dunn)).  And s*ee Brewington v. State*, 7 N.E.3d 946, 976 (Ind. 2014) (party may not request relief from error it invited, encouraged, or caused), *cert. denied, reh'g denied*.

[12]  For these reasons, the court erred in granting the withdrawal of the plea agreement, and we must reverse and remand for sentencing.

[13]  Reversed and remanded.

Pyle, J., concurs.  Barnes, J., dissents with separate opinion.

# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Bobby Dunn, <br> *Appellant-Defendant,* <br><br> v. <br><br> State of Indiana, <br> *Appellee-Plaintiff.* | Court of Appeals Cause No. <br> 49A02-1407-CR-470 |

**Barnes, Judge, dissenting**

I respectfully dissent. In 1996, the Indiana Constitution was amended to add subsection (b) to Article 1, Section 13. This provision gives crime victims the constitutional right "to be informed of and present during public hearings and to confer with the prosecution, to the extent that exercising these rights does not infringe upon the constitutional rights of the accused." It clearly and directly gives crime victims the constitutional right to be consulted when a case

concerning them is to be disposed of by plea agreement, as well as the right to be notified of and present at any public hearing regarding the plea.

[15] It is without question that the ultimate decision regarding the course of a prosecution and whether to enter into a plea agreement belongs to the prosecutor and is an inherent part of his or her power and authority. *See Imbler v. Pachtman*, 424 U.S. 409, 424, 96 S. Ct. 984, 992 (1976) ("A prosecutor is duty bound to exercise his best judgment both in deciding which suits to bring and in conducting them in court."); *In re Flatt-Moore*, 959 N.E.2d 241, 245 (Ind. 2012) (holding that, although crime victims may be allowed to have "meaningful input into plea agreements," prosecutors are ethically prohibited from surrendering control of the plea bargaining process to victims). Although I emphasize that victims do not control the prosecution or plea bargaining processes, they do have the right to have their opinion considered by the prosecuting attorney.

[16] Here, the victim was neither consulted by the prosecution nor told of the change of plea hearing in violation of the victim's constitutional rights. The case was pled out, but no sentence had been imposed. Although I agree that there is much merit to finality in cases and that in most cases a signed plea agreement binds both parties, I do not believe that efficiency should or could ever trump a constitutional mandate. This is not a case that is ten years old and we are being asked to reconstruct events of times long past. After withdrawal of the original plea, in this or any similar case the prosecutor may resubmit the plea to the trial court for re-acceptance if he believes it is just to do so. It simply

must be done, in my opinion, only after the victim has been consulted and given the opportunity to be present at the change of plea hearing, pursuant to the Indiana Constitution. I also believe that withdrawing a plea agreement after acceptance but before sentencing does not impact a defendant in a way that offends his or her constitutional rights.

[17] I do not believe that the prosecutor possessed the authority to waive the victim's constitutional rights. A prosecutor does not represent the victim of a crime. Rather, he or she "is the representative not of an ordinary party to a controversy, but of a sovereignty whose obligation to govern impartially is as compelling as its obligation to govern at all; and whose interest, therefore, in a criminal prosecution is not that it shall win a case, but that justice shall be done." *Berger v. United States*, 295 U.S. 78, 88, 55 S. Ct. 629, 633 (1935); *see also Matter of Miller*, 677 N.E.2d 505 (Ind. 1997) (holding prosecutor committed misconduct by colluding with crime victim's private attorney to bring theft charge against defendant and offering to dismiss charge if defendant settled civil suit). There may be overlap between a victim's interests and the government's, but they are not identical. For waiver of one's constitutional rights to be effective, "there must be an intentional relinquishment or abandonment of a known right or privilege." *Mathews v. State*, 26 N.E.3d 130, 135 (Ind. Ct. App. 2015). Here, because the victim never knew of the proposed plea agreement, she could not have intentionally relinquished her constitutional rights to be consulted about the plea and to be present at the change of plea hearing. That

the original prosecutor may have misrepresented having consulted with the victim, as found by the trial court, does not change that fact.

[18] In my view, this is a case in which withdrawal of the plea agreement before sentencing was warranted. The trial court did not abuse its discretion in reaching that conclusion. I vote to affirm.