

FILED

Feb 15 2017, 9:30 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Scott A. Norrick
Anderson, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

J.T. Whitehead
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Justin R. Messersmith,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff.*

February 15, 2017

Court of Appeals Case No.
48A05-1511-CR-1936

Appeal from the Madison Circuit
Court

The Honorable Thomas Newman,
Jr., Judge

Trial Court Cause No.
48C03-1407-F5-1341

**Bailey, Judge.**

# Case Summary

[1] Following a jury trial, Justin R. Messersmith ("Messersmith") was convicted of one count of Neglect of a Dependent Resulting in Bodily Injury, as a Level 5 felony,[1] and one count of Battery on a Person Less Than 14 Years Old, as a Level 6 felony.[2] Messersmith now appeals, contending that the trial court abused its discretion when, after accepting a plea agreement and entering judgment of conviction against Messersmith pursuant to the agreement, the trial court later granted the State's request to withdraw the plea agreement.[3]

[2] We reverse and remand with instructions.

# Facts and Procedural History

[3] On July 22, 2014, Messersmith injured his four-year-old son when he forcibly pushed him against a trailer at the Madison County Fair. Messersmith was arrested, and the State brought two charges against him: (1) Neglect of a Dependent Resulting in Bodily Injury, as a Level 5 felony; and (2) Battery on a Person Less Than 14 Years Old, as a Level 6 felony. Messersmith reached a plea agreement with the State whereby he would plead guilty to Count II and

---

[1] Ind. Code § 35-46-1-4-(a)(1). We refer throughout our decision to the substantive provisions of the Indiana Code in effect at the time of and applicable to Messersmith's conduct.

[2] I.C. § 35-42-2-1(b)(1).

[3] Because we find this issue dispositive, we do not reach Messersmith's contention that the trial court abused its discretion when it excluded the testimony of his late-disclosed witness.

the State would move to dismiss Count I.[4]  At a February 23, 2015 hearing, Messersmith pleaded guilty.  The trial court accepted his plea, entered judgment on Count II, and dismissed Count I.

[4]  On March 30, 2015, the State orally sought to withdraw the plea agreement because the State entered the agreement without first notifying the victim. Messersmith objected.  After taking the matter under advisement, the trial court entered an order granting the State's request to withdraw the plea agreement.

[5]  A jury trial commenced on September 24, 2015, and Messersmith was convicted of both counts.

[6]  This appeal ensued.

# Discussion and Decision

[7]  Messersmith argues that the trial court abused its discretion when, after accepting the plea agreement and entering its judgment of conviction, the trial court granted the State's request to withdraw the plea agreement.  "We review for an abuse of discretion a decision to permit withdrawal of a plea agreement." *Dunn v. State*, 33 N.E.3d 1074, 1075 (Ind. Ct. App. 2015) (citing *Badger v. State*, 637 N.E.2d 800, 802 (Ind. 1994)).  A trial court abuses its discretion when its

---

[4] It is unclear whether the plea agreement was reduced to writing; Messersmith and the State orally presented the plea agreement and there is no written plea agreement in the appellate record.

decision is clearly against the logic and effect of the facts and circumstances before the court. *McElfresh v. State*, 51 N.E.3d 103, 107 (Ind. 2016).

[8]     In resolving cases involving plea agreements, we often look to principles of contract law for guidance. *Lee v. State*, 816 N.E.2d 35, 38 (Ind. 2004). However, we are cognizant that "[b]ecause important due process rights are involved, contract law principles although helpful are not necessarily determinative in cases involving plea agreements." *Id.*; *see also Carnine v. United States*, 974 F.2d 924, 928 (7th Cir. 1992) ("Plea agreements . . . are unique contracts 'in which special due process concerns for fairness and the adequacy of procedural safeguards obtain.'") (quoting *United States v. Ataya*, 864 F.2d 1324, 1329 (7th Cir. 1988)).

[9]     The State argues that the trial court properly granted the State's motion to withdraw the plea agreement because, in doing so, the trial court accounted for the victim's rights. The State directs us to Article 1, Section 13 of the Indiana Constitution, which establishes rights for crime victims. The State also directs us to portions of the Indiana Code codifying those rights. *See, e.g.*, I.C. § 35-40-5-3 (giving the victim "the right to confer with a representative of the prosecuting attorney's office . . . before any disposition of a criminal case involving the victim"). However, in establishing rights for crime victims, Article 1, Section 13 expressly provides that a victim's rights must yield to a defendant's constitutional rights:

> Victims of crime, as defined by law, shall have the right to be
> treated with fairness, dignity, and respect throughout the criminal

justice process; and, as defined by law, to be informed of and present during public hearings and to confer with the prosecution, *to the extent that exercising these rights does not infringe upon the constitutional rights of the accused*.

Ind. Const. art. 1, § 13(b) (emphasis added).

[10] Among a defendant's constitutional rights is the federal right to due process supplied by the United States Constitution, which provides that a State shall not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. "[T]he touchstone of due process" is fundamental fairness, *Gagnon v. Scarpelli*, 411 U.S. 778, 790 (1973), and entry of judgment following a guilty plea implicates a defendant's due process rights:

> A plea bargain standing alone is without constitutional significance; in itself it is a mere executory agreement which, until embodied in the judgment of a court, does not deprive an accused of liberty or any other constitutionally protected interest. It is the ensuing guilty plea that implicates the Constitution.

*Coker v. State*, 499 N.E.2d 1135, 1138 (Ind. 1986) (internal quotation marks omitted) (quoting *Mabry v. Johnson*, 467 U.S. 504, 507-08 (1984)). The United States Supreme Court has elaborated on the process due to a defendant in the context of a guilty plea:

> This phase of the process of criminal justice, and the adjudicative element inherent in accepting a plea of guilty, must be attended by safeguards to insure the defendant what is reasonably due in the circumstances. Those circumstances will vary, but a constant factor is that when a plea rests in any significant degree on a promise or agreement of the prosecutor, so that it can be said to

> be part of the inducement or consideration, such promise must be fulfilled.

*Santobello v. New York*, 404 U.S. 257, 262 (1971). Thus, when a defendant enters a "knowing and voluntary (and hence valid)" plea, "the Government is obligated to uphold its side of the bargain." *Puckett v. United States*, 556 U.S. 129, 138 (2009).

[11] With these principles in mind, it is notable that "[w]e have, at times, held [that] trial courts have the discretion to revoke plea agreements after judgment was entered." *Dunn*, 33 N.E.3d at 1076. For example, we have recognized an exception when a defendant claims innocence at a sentencing hearing, *Beech v. State*, 702 N.E.2d 1132 (Ind. Ct. App. 1998), in which case a defendant's inconsistent assertions raise questions about the voluntariness of the plea. *Patton v. State*, 517 N.E.2d 374, 376 (Ind. 1987) (observing that the "requirement that a guilty plea manifest an unqualified admission of guilt does not exalt form over substance" in part because the requirement "obviates a collateral attack on a judgment by a later claim the plea was too equivocal to bind the pleader and permit entry of judgment") We have also recognized an exception when a defendant breaches the terms of a plea agreement, *Campbell v. State*, 17 N.E.3d 1021 (Ind. Ct. App. 2014), in which case principles of fairness do not demand the State's adherence to a plea agreement that the defendant himself has breached. *See id.* at 1024 (noting that when the defendant refused to testify as promised in the plea agreement, he "failed to tender the consideration specifically contemplated" in the agreement).

[12] Turning to the instant case, *Dunn* presented facts similar to those at hand. In *Dunn*, the defendant and the State entered a plea agreement which included an affidavit indicating that the State had provided requisite notice to the victim. 33 N.E.3d at 1076. Nevertheless, the State later moved to withdraw the plea agreement because the State had not contacted the victim, and the trial court granted the State's motion to withdraw the plea. The *Dunn* Court reversed, concluding that no exception permitted the trial court to revoke a plea agreement after it entered judgment, and that "any error in the trial court's original acceptance of the plea was invited by the State, as . . . [the] affidavit represented . . . that the State had, in fact, notified the victim." *Id.*

[13] The State urges that *Dunn* is distinguishable and, if not, asks us to reconsider *Dunn*. The State draws on the *Dunn* dissent and argues that an exception exists where, as here, the State fails to confer with the victim before entering the proffered plea agreement. The *Dunn* dissent concludes that "withdrawing a plea agreement after acceptance but before sentencing does not impact a defendant in a way that offends his or her constitutional rights." *Id.* at 1077 (Barnes, J., dissenting). The circumstances here, however, did offend Messersmith's constitutional rights. This is because entry of judgment following a guilty plea implicates a defendant's rights, *Coker*, 499 N.E.2d at 1138, and due process requires that the government uphold its side of the bargain. *Santobello*, U.S. 257 at 262. Thus, Messersmith's due process rights were violated when the trial court allowed the State to avoid the agreement over Messersmith's objection. Although Indiana law establishes important victim

rights, those rights must give way to a defendant's federal due process rights. U.S. Const. art. VI, cl. 2; Ind. Const. art. 1, § 13(b). We therefore conclude that the trial court abused its discretion when it granted the State's request to withdraw the plea agreement.

# Conclusion

[14] The trial court abused its discretion in granting the State's motion to withdraw the plea agreement. We reverse and order the trial court to enter judgment in accordance with the plea agreement and sentence Messersmith within the bounds of the plea agreement.

[15] Reversed.

Najam, J., and May, J., concur.